# CHARLESTON.

## HULL *v.* BLOSS *et al.*

Submitted January 18, 1886.—Decided February 20, 1886.

1. Where a forthcoming bond is given for the delivery of property levied upon by virtue of an execution, the failure to deliver such property on the day of sale will not cause a forfeiture of such bond, if *before* that day an injunction is obtained and is then in force against the enforcement of the said execution.

2. If in such case a motion is made, either before or after the dissolution of the injunction, for an award of execution on such forthcoming bond, the court on the motion of the defendants should quash such bond and dismiss said motion.

*H. K. Shumate* for plaintiff in error.

*J. H. Ferguson,* for defendant in error.

SNYDER, JUDGE:

In October, 1880, James Hull had an execution issued from the clerk's office of the circuit court of Wayne county in his name against Hiram Bloss for $733.11 debt and $94.87 costs. This execution was by the sheriff of said county levied upon the property of said Bloss, who on December 31, 1880, gave a forthcoming bond with sureties for the delivery of the property so levied on to said sheriff on the first Monday in February, 1881, at the court-house of said county.

On January 22, 1881, Bloss obtained an injunction from a circuit judge of this State restraining Hull and said sheriff

from further proceedings for the enforcement of said execution or the judgment on which it was issued.

On February 7, 1881, the sheriff endorsed upon said execution, that a forthcoming bond had been taken and forfeited; and on the same day he endorsed thereon as a part of his return, that the further collection of said execution is stayed by reason of an injunction bearing even date herewith. The injunction-bond is in the usual form and provides for the indemnity of the sureties on the forthcoming bond as required by the statute.    Sec. 10 ch. 78 Acts 1882, p. 176.

The injunction was dissolved on April 5, 1881, by a decree of said court and Bloss was ordered to pay Hull damages on $981.00, the amount of the judgment, interest and costs enjoined, from January 26, 1881, to the date of the decree in lieu of interest for said period.

According to notice previously given Hull on July 7, 1881, moved the court for award of execution on the aforesaid forthcoming bond against the obligors therein who resisted said motion, *first*, by moving the court to quash said bond, and *second*, by tendering pleas setting up the facts hereinbefore mentioned.    The court overruled the motion to quash, rejected said pleas and gave judgment for an award of execution in favor of the plaintiff against the defendants for the amount of said forthcoming bond.    From this judgment the defendants obtained this writ of error.

Whether the pleas tendered by the defendants, were proper and sufficient, it is unnecessary to decide in this case; because if the defence offered by the defendants was valid, it was one which they could avail themselves of on their motion to quash the forthcoming bond.    The return on the execution showed that the injunction, which was made a part of the return, was in force on the day appointed for the delivery and sale of the property.    The return, not only showed that the injunction was in force on the day appointed for the delivery of the property, but it also showed that the endorsement of the sheriff, that the forthcoming bond had been forfeited, was unauthorized and of no effect.    *Adley* v. *Green*, 18 W. Va. 206; *Rucker* v. *Harrison*, 6 Munf. 181; 1 Rob. (old.) Pr. 596.

It appearing, then, that the injunction was in force on the

day of sale, the question presented is, did the circuit court err in refusing to quash the forthcoming bond? The injunction took effect in January, 1881, and continued in force until June 5, 1881. By the terms of the. bond the property was to be delivered for sale on the first Monday in February, 1881. There could, therefore, have been no forfeiture of the bond until the day last mentioned. The injunction having taken effect before that day and being then and for two months thereafter in full force, could the failure to deliver the property on that day operate as a forfeiture of the bond?

In *Wilson* v. *Stevenson*, 2 Call. 218, the court decided, " That if the forthcoming bond be not forfeited, at the time when the injunction issues, the penalty is saved; because the compliance with the condition would be useless, as the property must be restored immediately that it was delivered to the sheriff; and therefore the law would dispense with it. But, if the forthcoming bond is forfeited before the injunction issues, the injunction does not discharge it, but the obligors continue liable still." The same effect was given to a *supersedeas*-bond in *Rucker* v. *Harrison*, 6 Munf. 181.

"The delivery of the property on the day of sale is unnecessary, if before that day there be an injunction or *supersedeas* to the judgment whereon the execution issued under which the forthcoming bond was taken. And if a motion be made on the bond in such a case, the same will be overruled."— 1 Rob. (old) Pr. 596; 2 Tuck. Com. 362.

The same result would follow from an equitable construction of our statute which declares, that if a debtor obtain an injunction or appeal staying an execution, before the money received under it is paid over to the creditor, the officer shall pay such money to the debtor.—Sec. 13, ch. 140 Code. The manifest implication from this statute is, that, if the officer had not realized the money upon the execution, but had simply levied the same upon the property of the debtor, it would be his duty to return the property to the debtor upon his obtaining an injunction before the conversion of the property into money by a sale of it; because if he is permitted to make the sale and thus realize the money, it would then by the mandate of the statute be his duty to pay over the money thus realized to the debtor. And further, the bond being

held merely as a substitute for the property, it necessarily follows that, if his duty required him to deliver the property to the debtor, it would be equally his duty to deliver to the debtor the bond, the substitute for the property. To attempt any distinction in such case would lead to an absurdity and violate the purpose of the statute as well as the general principles of the law. Herman on Ex. § 400.

My conclusion, therefore, is that the court erred in overruling the defendant's motion to quash the forthcoming bond, and it likewise erred in giving judgment for an award of execution on said bond against the defendants.

But it is contended by counsel for the defendant in error, that this view of the law would render nugatory and altogether useless our statute which, after providing that where an injunction is obtained to stay an execution, under which a forthcoming bond has been given, the injunction bond shall contain a provision for the indemnity of the sureties in the forthcoming bond, provides "that any surety in such forthcoming bond may move for and obtain an order for other or additional security in like manner as a defendant in the injunction may." Secs. 10 and 11, ch. 133, Code.

It is claimed that, if the sureties in the forthcoming bond are discharged by the injunction in a case like the one before us, then this statute can have no effect. This claim is founded upon a plain misconception of the evident intent and purpose of the statute. As before shown, if the stay of the injunction takes effect *after* the forthcoming bond has been torfeited then the obligors in such bond are not discharged but continue bound although the operation of the injunction may stay proceedings for the enforcement of such bond. In such case the statute provides, that the sureties thus bound may require additional security. But that is a very different case from the one before us. Here the injunction was obtained *before* the day of sale and was in force on that day whereby the forfeiture of the forthcoming bond was prevented, the performance of its condition excused or made unnecessary and the obligors therein released and discharged from its obligation.

I am therefore of opinion, that the judgment of the circuit court be reversed, the motion of the defendants to quash

the forthcoming bond sustained, said bond quashed and the plaintiff's motion for award of execution dismissed with costs.

Reversed.