# Guthrie *vs* City of Louisville, &c.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Parties. Louisville city. Limitation.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

CHANCERY.

*Case* 129.

*July* 2.

The case stated.

THIS is a suit in chancery brought by Guthrie, to enforce a lien upon lot holders, for work and labor done in McAdamizing a street in Louisville, fronting their lots, under a written contract with the city, made by the Mayor and Council. The city pleaded the statute of limitation of five years, as a bar to the complainant's recourse against her. The complainant replied in substance, that the city, by written contract, under the seal of the corporation, made by her organs with the undertakers, bound herself to apportion the costs among the lot owners, and make *orders* for the payment thereof upon the same, and by mistake of their charter, the Mayor and Council, though they made the orders, failed to make them so as to entitle the undertakers to enforce their lien against the lot holders, &c. To this replication the city demurs, and the demurrer was sustained and bill dismissed.

The laborer is worthy of his hire, and should be paid by the lot holders or the city, through whose organs the work has been done. The complainant derives his equitable lien upon the lots, if he has any, under the *contract* with the city, *and through the agency* and instrumentality of the city's regularly constituted organs, and the city and the citizens thereof, receive the benefit of the improvements, and are interested in enforcing the lien as the means of escaping from responsibility for the work done. It would seem, therefore, that the city is a proper if not a necessary party in a proceeding to enforce the lien. Being made a party, and the complainant failing ultimately to enforce his lien, by reason of some mistake, neglect or omission to make the necessary and effectual orders to entitle the complainant to the promised lien, it would seem contrary to all equitable rules, to turn the complain-

The city of Louisville is liable to undertakers by contract, with her orders, to those who make improvements in the city, when through the neglect of those organs the lien guarantied proves ineffectual.

ant out of Court, to seek his remedy by a new action at law. It was the duty of the city, being made a party, to produce and show the necessary orders to sustain the lien which she has guarantied, and upon her failure to do so, she should be made liable for the price of the labor performed under her contract. And a Court of Equity, which delights to do final and complete justice, will go on to afford it, first by an enforcement of the lien if it can be done, and secondly, by the assessment of damages against the city, if the right to do so fails, through the neglect or omission of her organs.

The limitation of five years is no bar to the complainant's remedy against the city, as the contract out of which her liability springs, is in writing, under her corporate seal.

The decree of the Chancellor is reversed, and cause remanded that further proceedings may be had and decree rendered, as indicated.

*Guthrie* for appellant: *Wolfe and Butler* for appellees.

---

ELECTMENT.

*Case* 130.

*July* 2.

A deed of trust made by the wife on the eve of her marriage, conveying her estate to a trustee for her separate use, not to be subject to the debts of the intended husband has after the marriage and death of the husband had its effect, and the property reverts to the widow, and in case of her death to *her* heirs.