# Triplett vs. Scott.

**APPEAL FROM HARDIN CIRCUIT COURT.**

1. *A change of venue in a civil action* having been granted by the judge of another circuit to a county in another adjoining judicial district, on the affidavit alone, of the party applying for the change—such change of venue, although irregular, was not void.

2. On the motion of the adverse party to remand the case, when the change of venue had been irregularly granted, the party obtaining it supplied the necessary affidavits to authorize the change, as provided in section 21, act of March 5, 1860 (*Myers' Sup.*, 82); and, thereupon, the circuit court properly refused to remand the case. In this case the change of venue was obtained on account of objections to the judge of the court, &c., in the county in which the action was brought.

3. A new trial is granted in this case on account of the unavoidable non-attendance of defendant's attorney; the defendant residing in a remote county, and having a good defense and no knowledge of the non-attendance of his attorney. See opinion for facts and circumstances.

JAMES STEWART,
COFER & MARRIOTT, and
I. & J. CALDWELL,                          For Appellant,

CITED—

*Civil Code, sec.* 579, *subsec.* 7.
1 *Bush*, 102 ; *Dillingham vs. Mudd, &c.*
*Act of March* 5, 1860, *Myers' Sup.*, 78.
*Act of February* 15, 1856, 1 *Stant.*, 234.
6 *B. Mon.*, 246 ; *Gorham vs. Luckett.*
*Act of* 1799 , 2 *M. & B.*, 861.

JOHN MASON BROWN and
C. G. WINTERSMITH,                              For Appellee,

CITED—

*Myers' Sup.*, 81; *Rev. Stat.*, subsecs. 3, 6, sec. 11, *title*
19, 1 *Stant.*, 234.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, Lewis Triplett, brought an action in
the Adair circuit court against S. G. Suddarth, of that
county, and W. T. Scott, of Lexington, Kentucky, for
damages charged on a contract of partnership between
them for the commendation and sale of Triplett's patent
right, as inventor of a *carbine gun.*

The summons to Adair, and that also to Fayette, were
both returned executed in time for trial at the November
term, 1867, of the court; and at that term, Suddarth hav-
ing answered, and Scott not appearing, a jury sworn to
try the issue on Suddarth's traverse and assess damages
against Scott, returned a verdict against Suddarth for fifty
dollars, and against Scott for seven thousand five hundred
dollars.

Shortly after the expiration of that term, Scott filed a
petition in equity for a new trial and an intermediate
injunction. Judge Newman, of an adjoining circuit,
having granted the injunction, Scott afterwards pre-
sented to him a petition for a change of venue, verified
by his own affidavit only, and alleging that Triplett
had so prejudiced the judge and people of Adair, and
enlisted the bar against him, as to leave him no reason-
able prospect of an impartial trial in that circuit. On
that presentation, with notice, judge Newman ordered a
change of venue to Hardin county, in another circuit,
but not the nearest to Adair; and, on the payment of
the legal fees for transmission within ten days succeed-

ing. the receipt of the order by the Adair clerk, the record was transferred to the clerk of the Hardin circuit court. Triplett appeared in that court and made a motion to remand the case, on the ground that the petition, as verified, did not authorize the change to Hardin; whereupon Scott filed two other affidavits corroborative of his own, and moved for another order changing the venue from Adair circuit. The court having overruled both motions, Triplett demurred to the petition for a new trial, which the court overruled; and Triplett refusing to answer, a judgment was rendered perpetuating the injunction and granting a new trial; and Triplett appealed.

In revising the judgment, we shall consider briefly two questions only—1st. Was the change of venue lawful? 2d. Was the final judgment right?

1. In this case it is not necessary to decide whether the first and second sections of the act of February 15, 1856 (1st *Digest*, *p*. 234), is constructively repealed by the act of March the 5th, 1860, "to amend and reduce into one the laws in relation to changes of venue;" for, however that may be, the change, as finally adjudged, was sustained by the twenty-first section of the latter act.

If the act of 1860 be the only law applicable to the petition on which the judge ordered the change of venue, the order was irregular and erroneous, because the petition was not supported by the number of affidavits required by that act; but, as the judge had general jurisdiction over changes of venue in civil cases, his order, however erroneous, was not void, but correctable on the motion to remand; and we may presume that he might have sustained the motion to remand had not the requisite number and character of supplemental affi-

davits been filed on that motion, and also on the reiter-
ated motion for the change; but as the record was
then in the Hardin circuit court, and Triplett was pres-
ent, and Scott's affidavit, as then fortified, would have
entitled him to another order like that first made, the
circuity of remanding, and, at the same time, frustrating
that order by another order for a change of the venue
to the same county of Hardin, would have been too
absurd, and even ludicrous, for judicial propriety or
gravity. All that was then necessary or proper was to
confirm the original order, retain the record, and over-
rule the superfluous motion of each party, as the court
did; and nothing appearing, or being even suggested to
the contrary, this court presumes that the circuit court,
as the said twenty-first section authorized, adjudged that
Hardin was the nearest county in which " a speedy trial
could be had." We, consequently, adjudge that the case
was legally in the Hardin circuit court, which, therefore,
had jurisdiction to render the judgment appealed from.

2. The allegations of the petition for a new trial,
admitted as true by the demurrer, show that Scott dili-
gently engaged, as his counsel to defend him, ex-Gov-
ernor Bramlette, of Louisville, who practiced regularly
in the Adair circuit court, and furnished him with his
grounds of defense, and all the essential facts and doc-
uments to enable him to prepare the proper pleadings
and make a successful defense; that Bramlette prepared
to leave home for Adair in time to make the necessary
preparation and defense; was, the night before he in-
tended to start, stricken down by sudden sickness, which
confined him to his room, and incapacitated him to com-
municate with Scott or any attorney during the contin-
uance of the term; and that Scott, confiding in Bram-
lette's attention to the case, and his ability to do so

Triplett vs. Scott.

effectually without the aid of his own presence, did not
attend the court, and had no intimation of Bramlette's
condition and non-attendance until after the expiration
of the term; and the admitted allegations also show a
sufficient defense for defeating the action.

As Bramlette was prepared and authorized to file an
answer and make complete defense in Scott's absence,
Scott's non-attendance should not be considered culpa-
ble negligence, especially as he lived so remote from
the court, and as, moreover, he had reason to expect
that his co-defendant would also represent him.

The " accident" to Bramlette is, therefore, as available
to Scott in this case as if it had occurred to himself; and,
according to both the common law and our Code of
Practice, the petition presented a sufficient excuse for
Scott's technical default, and entitled him to a new trial
as ordered.

Wherefore, the judgment for a new trial is affirmed.