JUDGE COFER
delivered the opinion oe the court.
The appellee Nevin brought this suit in the Louisville Chancery Court to enforce an alleged lien on a lot of ground on the south side of Jefferson Street in said city for the price of regrading, recurbing, and repaving the sidewalk along the front of the lot.
The lot was conveyed by the city in 1834 to be held in trust for the use of the Roman Catholic congregation in Louisville as a burying-ground, and has been filled with graves for more than twenty years, and has never been used since 1834 for any other purpose than as a graveyard; and it is admitted that no revenue is derived from it, and that the Right Rev. Bishop McClosky, who now holds the title as trustee, has no funds in his hands belonging to the trust with which to pay the assessment.
The sole question therefore is, whether the lot can be sold to satisfy the claim of the contractor for work, which is admitted to be a lien, unless the property is in some way exempted from it.
It is insisted for the trustee that the lot is exempt .from assessment under section 10 of an act entitled “An act to tax railroads, turnpike roads, and other corporations in aid of the sinking fund,” approved February 20, 1864. (Myers’s Supplement, p. 482.) But we need not decide whether that act would have the effect claimed for it or not, as in our opinion the judgment dismissing the petition, so far as it was sought to sell the lot, must be affirmed upon a more obvious ground.
The lot having been completely filled with graves, and thus rendered useless for any other purpose than as a resting-place for the dead, unless their graves are to be desecrated by being built over or dug up, or by the use of the property for the ordinary purposes of town-lots, the chancellor would hesitate to lend his aid to subject it to sale. Ve know it has been intimated by courts for whose opinions we have a *551 high regard that this is a matter of sentiment with which courts have nothing to do; but fortunately we are not reduced to the alternative to decree the sale of a graveyard already filled with the ashes of the dead, or of seeming to refuse to carry out the commands of. the law.
The chancellor will not decree that to be sold which can not be lawfully used for the ordinary purposes to which prop>erty of a like character is commonly applied, and especially when there is no imaginable beneficial use to which it can be put by the purchaser which would not subject him to punishment under the penal statutes of the state.
Section 26, article 1'7, chapter 29 of the General Statutes reads as follows: “Any person who shall willfully mutilate the graves, monuments, fences, shrubbery, ornaments, grounds, or buildings in or inclosing any cemetery or place of sepulture; or shall violate the grave of any person by willfully destroying, removing, or injuring the head or foot-stone, or the tomb over or the inclosure protecting any grave, or by digging into or plowing over or removing any ornament, shrubbery, or flower placed upon any grave or lot, shall be fined not less than ten nor more than one hundred dollars, or imprisoned not exceeding six months, or both, as a - jury may determine.”
If the lot in question was sold,- the purchaser could not use it for any of the purposes for which town-lots are ordinarily used without subjecting himself to the penalties denounced by the foregoing statute and making the court a partieeps eriminis in his offense.
If it be said that the purchaser must take care of himself, it will be. a sufficient answer that the court ought not to offer that for sale which it will not allow to be used by the purchaser for any purpose that can be of the slightest value to him.
The city had complete authority to contract for the work but had no authority to make it a charge on the abutting *552 property, and is therefore liable to the contractor for the price of his work. (Murphy v. City of Louisville, 9 Bush, 189.)
Wherefore the judgment is affirmed.