City of Louisville v. A. S. Robertson, et al.

**Sidewalk Improvement—Power of City.**

In a suit by a contractor against a property owner on account of a sidewalk improvement to which the city was also a defendant, after judgment in favor of the property owner, the contractor is not entitled to a judgment against the city.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 27, 1876.

OPINION BY JUDGE COFER:

C. W. Parsons is the owner of a lot of ground fronting on Third street, between Grove and Ferry streets, in that part of the city of Louisville known as Portland.

The city council made a contract, in pursuance of law, with the appellee, to grade and pave with brick the sidewalk along the unpaved portion of Third street, from Grove street to Ferry street, and the cost of the work was apportioned by the general council among the owners of lots in each fourth of a square adjacent to the work done. The appellee brought this suit against Parsons to enforce the lien given by the city charter for improvements made upon the public ways of the city under contracts made therefor by the general council. He also made the city a defendant, and prayed that in case he was unable to enforce the lien claimed upon the lot he should have judgment against the city for the amount claimed.

The city failed to answer, but Parsons answered, and alleged that the general council having ordered the improvement made, he, with the consent of the city, paved the sidewalk in front of his own lot, and that the work done by him was accepted, and he therefore denied that he was liable for any part of the cost of the paving done by the appellee. The evidence showed that Parsons did the work with the consent of the city engineer, and that the engineer had accepted the work, but failed to show that the general council had ever given its consent or accepted the work or authorized the engineer to do either.

The chancellor, on final hearing, dismissed the petition as to Parsons and rendered judgment against the city for the amount assessed against him. From that judgment the city has appealed, but no appeal has been prosecuted from the judgment dismissing the petition as to Parsons, and the propriety of that action of the court is not now to be considered.

We intimated in *Louisville v. Nevin,* 10 Bush 549, and decided in *Craycraft v. Selvage,* 10 Bush 696, that "when, by taking the proper steps, the general council could have made the improvement (of streets) at the cost of the owners of adjacent property, its powers to improve the streets may be exercised in that way, and the city can in no event be made liable unless it will have the right to proceed to make the property holders liable." We accordingly held in the latter case that although the contractor could not coerce payment from Craycraft for work done in front of his property, the city was not liable, because the general council had power, by taking the

steps prescribed by an amendment to the charter, to make Craycraft's property liable.

No question is made in this case that the general council had not power to make Parsons's property liable for the proportion of the cost of paving which has been assessed against it. The ground of his defense was that he had already borne his share of the common burthen, and the court below sustained his defense, and as long as that judgment remains unreversed it is of course impossible that he shall be made liable to the city. To allow the judgment against the city to stand would be a plain infraction of that clause of the city charter which provides that "in no event shall the city be made liable for such improvements without having the right to enforce it against the property receiving the benefit thereof." As long as the judgment exonerating Parsons stands unreversed, it will be a bar to any suit against him by the city, and if it be erroneous the appellees alone can attain its reversal.

The petition shows that Parsons's lot composes a part of a square, and that it could have been made liable to assessment, and according to the rule indicated in *Louisville v. Nevin,* and established in *Selvage v. Craycraft,* the city cannot in any way be made liable. We are therefore of the opinion that the petition not only fails to state facts rendering the city liable, but stated facts which show that it cannot in any state of case be held liable for any part of the cost of the work done by the appellee.

Judgment *reversed* and cause remanded with directions to dismiss the petition. Parsons was improperly made a party to the appeal and there will be no judgment against him for costs.

*T. L. Burnett, for appellant.   D. M. Rodman, for appellees.*