## May v. Hatterick.

(Decided May 13, 1924.)

### Appeal from Harrison Circuit Court.

1. New Trial—Petition to Set Aside Judgment and for New Trial Held Sufficient.—Petition alleging withdrawal of counsel and sickness of petitioner, together with copy of entire record in former

case, held sufficient in proceeding under Civil Code of Practice, sections 518, 520, to set aside judgment and obtain new trial.

2.    New Trial—Prevention of Attendance at Trial by Sickness Unavoidable Casualty.—It is a party's right to be present in person at trial as well as by counsel, and, if prevented from so attending by sickness after withdrawal of his attorney, there is unavoidable casualty, warranting new trial, under Civil Code, sections 518, 520, though he neglected to employ other counsel.

3.    Appeal and Error—Not Prejudicial Error to Hear Evidence on Merits on Petition to Set Aside Judgment.—Plaintiff in original action was not prejudiced by reception of evidence upon merits, on petition by defendant under Civil Code of Practice, sections 518, 520, to vacate judgment and procure new trial on ground of unavoidable casualty.

WADE H. LAIL and T. E. KING for appellant.

JOHN L. RICH and CHESTER M. JEWETT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

By a writing duly executed by both parties on September 14, 1920, Robert May sold to Fred J. Hatterick certain personal property, including his interest as tenant in a crop of corn, tobacco and potatoes he was raising, the consideration being $3,200.00, this to be credited by $910.00, then owing by May to Hatterick. May was to assist in housing the crops, but otherwise Hatterick was to take immediate charge thereof.

In a few days Hatterick became dissatisfied and refused to have anything further to do with it. May employed hands, housed and marketed the crops and after notice to Hatterick sold the property at public sale.

In February following, May sued Hatterick, claiming damages for breach of the contract, including the expense of preparing the crops for market. After crediting his former indebtedness and the net proceeds of the property sold, he claimed a balance of $2,497.00, for which he prayed judgment.

Summons was served on Hatterick on the 18th day of February, 1921. The latter employed counsel and on the 28th of that month filed an elaborate answer and counterclaim, controverting the alleged breach and affirmatively alleging fraud in the execution of the contract, and asking that the contract be cancelled and that he recover on some indebtednesss due him by plaintiff, which had been credited on the contract. Issues were joined by additional pleadings.

The case was assigned for trial on the 13th day of December, 1921, the ninth day of that term of court. Hatterick was not present at the trial nor represented by counsel, but a jury was impanelled and upon evidence heard a verdict was rendered for the amount claimed by plaintiff and judgment entered in accordance therewith.

At the February term, 1922, Hatterick filed a petition in equity under the provisions of sections 518-20 of the Civil Code, seeking to vacate that judgment and to procure a new trial on the ground of unavoidable casualty and misfortune. A demurrer was sustained to the petition and an amendment filed. The defendant insisted that the demurrer go to that pleading as amended, but this was overruled.

Appropriate pleadings made up the issues and after hearing evidence on the matters involved in the new suit and also on the merits of the original action, the court sustained the prayer of the petition, set aside the judgment and granted Hatterick a new trial. May appeals.

It is first claimed that the court erred in overruling the demurrer to the petition as amended. Those pleadings set out the original cause of action and stated a defense thereto. It is also alleged that Hatterick employed counsel, who completed the pleadings in that case and fully prepared it for trial; that on the 8th day of December his counsel retired from the case and refused to longer act in that capacity; that on the 12th day of December Hatterick was taken sick and confined to his bed for a week and was not able to be out or to attend to business until after the adjournment of that term of court; that it had been his intention to employ other counsel and to be present at the trial on the 13th day, but he was prevented from so doing by his illness.

He filed with his petition a certified copy of the entire record in the former case, number 4924. We think the pleadings sufficient. Noe v. Davis, et al., 171 Ky. 482; Kohlman v. Moore, et al., 175 Ky. 710; Reese Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723; Baker v. Owensboro Bank, 140 Ky. 121.

On the issues of fact arising in the new suit the plaintiff's evidence follows the pleadings and conduces to show that the case was set for trial on Tuesday, the 13th of December. On the previous Wednesday Hatterick and his attorney had a serious disagreement and the latter notified him that he would quit the case, and on the following morning announced his withdrawal in court.

Hatterick took no steps up to Monday to employ anyone else, though he says it was his intention to either employ Mr. Jewett or to get an attorney from Covington or Cincinnati.

On Monday he was taken sick and confined to his bed for about a week. A physician visited him on Tuesday and Wednesday, the 13th and 14th, and states that at that time he had a fever and was threatened with appendicitis; that he prescribed for him and directed him to stay in bed; he did not visit him afterward but learned of his progress through his son. Hatterick further states that he did not get out until the day court adjourned. He then walked up to the store and stayed for about an hour, and while there learned of the trial, but he was unable to do anything and had to return home; as to his condition he is corroborated by other members of his family. His house was four or five blocks and his store one and a half blocks from the courthouse. His son ran his business while he was sick, but he did not notify the the court of his illness.

From this it is argued that if he had exercised diligence in procuring counsel or even had notified the court of his condition that a continuance would have been granted, but that instead of this he willfully and negligently ignored the proceedings in the court and that that tribunal had made a solemn adjudication of the rights of the parties; that such circumstances do not constitute unavoidable casualty and that Hatterick should not be permitted to take advantage of his own negligence or to thus speculate with judicial procedure.

There is much force in the argument, but it must not be forgotten that a litigant is entitled to be present in court, both in person and by counsel; also the employment of counsel is not compulsory. Even if Hatterick neglected to employ counsel, still it was his right to be present in person at the trial of his case, and if prevented from so attending by sickness, this would seem to be an unavoidable casualty.

On the other point the record shows no lack of diligence on Hatterick's part prior to this time. The pleadings in the case had been fully completed and all preparations made for the trial. Under such circumstances an attorney could have become acquainted with the case in a short time and we are not prepared to say that such counsel could not have been employed in the time remaining, as he says he intended to do.

Besides, if sick, he may not have fully realized the necessity of prompt action in this respect or the propriety of informing the court of his condition. Of course if his sickness was feigned, he was entitled to no consideration, but the trial court knew the witnesses and we are not prepared to say that his decision is not supported by the evidence.

It is further alleged that the court erred to appellant's prejudice in hearing evidence upon the merits for the reason that his judgment upon the issue of unavoidable casualty was influenced by the fact that the evidence disclosed a possible meritorious defense.

We cannot agree to this. It is true that the court in this action could not have determined issues of fact arising in the original action; nor, was it necessary to hear this evidence in order to determine the sufficiency of the issues arising in the petition for a new trial; but if there had been no merit in the defense—nothing to submit to a jury—the court would have been very slow to have granted a new trial, even though otherwise authorized by the record in the new suit, and in this respect the appellant was not prejudiced.

Perceiving no error in the record the judgment is affirmed.