## Adams v. Nelson.

(Decided May 11, 1926.)

### Appeal from Boyd Circuit Court.

Judgment—Failure to Attend Trial Because of Loss of Memory Due to Injury, and Failure of His Attorney to do Anything, Held, on Entry of Default Judgment, Ground for New Trial, Notwithstanding Attorney May have Been Negligent.—Where party failed to attend trial because suit had passed out of his mind entirely, due to injury to head prior to service of summons, and his attorney employed to defend suit did nothing, he was entitled, on entry of default judgment, to new trial, notwithstanding attorney's neglect may have constituted negligence.

B. S. WILSON for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

On February 29, 1924, Andrew Nelson brought this action against Oliver Adams to recover damages in the sum of $5,000.00 for injuries he received on 13th street

in Ashland on February 19, 1924, when struck by a bus owned by Adams and operated by a driver he had employed. On December 10, 1924, no answer having been filed, the petition was taken for confessed; a jury was impanelled to assess the damages and they returned a verdict in favor of the plaintiff for $3,000.00. On December 12 Adams appeared and filed grounds for new trial. His motion for a new trial was overruled and he appeals.

The facts shown on the motion for a new trial are these: The process was served on Adams on February 29, 1924; he then employed Judge A. N. Cisco, an attorney of the local bar, to defend him. Judge Cisco examined the petition and Adams left the matter in his hands. Shortly before that Adams had been attacked by two men and beaten over the head with a large piece of iron and a monkey wrench. He suffered greatly from these injuries and was confined to his bed for some time. By reason of the injury to his head the fact that the summons had been served upon him as well as many other things passed out of his mind and when he got up he did not have any recollection of the suit having been brought and it did not come back to his mind until he saw in the evening papers that the judgment had been rendered against him. Judge Cisco was a candidate for the Republican nomination for Commonwealth attorney at the August primary and between the time that this suit was brought and August was out canvassing and did not pay any attention to his legal matters. He received the nomination in August and was then a candidate at the final election. After the election, when the term of court came on, he had gotten behind with his legal work and had permission of the court to attend to legal matters out of Boyd county during the term for several days, and did leave the county for several days for that purpose. He sent his son, who practiced with him, to the courthouse to get the list of his cases on the docket so that nothing would be done in his absence, but his son failed to put on the list this case, no answer having been filed in it. At the time of the trial Judge Cisco was engaged in the trial of a case before the federal court at Catlettsburg. For these reasons neither he nor Adams knew that the case was set for trial or would be tried at that time. Affidavits were also filed showing that the plaintiff's injuries were due to his own negligence in coming out suddenly in front of the bus; that his injuries

were slight and that the verdict for $3,000.00 was palpably excessive, if he was entitled to any. In Triplett v. Scott, 5 Bush 81, Scott employed Bramlett, an attorney, to defend an action for him in another county. The attorney was taken sick the night before he intended to start for the court and, no defense being made, judgment by default was entered. Scott confiding in the ability of the attorney to attend to the case without the aid of his presence, did not attend the court and did not know of his attorney being sick until after the court adjourned. Holding that a new trial was properly granted the court said:

"As Bramlette was prepared and authorized to file an answer and make complete defense in Scott's absence, Scott's nonattendance should not be considered culpable negligence, especially as he lived so remote from the court, and as, moreover, he had reason to expect that his codefendant would also represent him.

"The 'accident' to Bramlette is, therefore, as available to Scott in this case as if it had occurred to himself; and, according to both the common law and our Code of Practice, the petition presented a sufficient excuse for Scott's technical default, and entitled him to a new trial as ordered." Triplett v. Scott, 5 Bush 81.

In McCall v. Hitchcock, 9 Bush 66, Hitchcock, a nonresident of the state, was temporarily in Lewis county and while there was served with a summons. He became exasperated and threw away or tore up the papers, but before leaving Kentucky he employed an attorney at Covington to defend the suit and with the attorney went back to Vanceburg to investigate and prepare the defense to the suit. They went to the clerk's office and called on the clerk for the papers in all the suits filed against him. The clerk produced certain suits but did not produce the McCall case. The result was that judgment was entered by default in that case and Hitchcock filed his action for a new trial. Holding that a new trial was properly granted this court said:

"It is a general principle of practice that 'when a party or his counsel are taken by surprise, whether by fraud or accident, on a material point or circumstance which could not reasonably have been antici-

pated, and when want of skill, care, or attention can not be justly imputed, and injustice has been done, a new trial will be granted.'

"Common justice seems to require the application of this principle in its full force for the relief of Hitchcock in this case, unless he deprives himself of its benefit by his own rash and seemingly improper act in destroying the copy of the summons which might, if preserved, have been useful to his counsel and the clerk in their search for the papers of the suit. It is not, however, every neglect or merely constructive fault in a party seeking a new trial, in a case of manifest hardship, such as we are constrained to think this is, that should deprive him of relief." McCall v. Hitchcock, 9 Bush 71.

In May v. Hatterick, 203 Ky. 167, Hatterick employed counsel who filed answer for him. The case was set for trial on Tuesday, December 13th. On the previous Wednesday Hatterick and his attorney had a serious disagreement and the latter notified him that he would quit the case. On Monday Hatterick was taken sick and confined to his bed for about a week. Up to that time he had employed no counsel. He was not present at the trial on account of his sickness. Holding that a new trial was properly granted, although it was contended that Hatterick should not be permitted to take advantage of his own negligence in failing to get other counsel or to give notice of his sickness, the court said:

"There is much force in the argument, but it must not be forgotten that a litigant is entitled to be present in court, both in person and by counsel; also the employment of counsel is not compulsory. Even if Hatterick neglected to employ counsel, still it was his right to be present in person at the trial of his case, and if prevented from so attending by sickness, this would seem to be an unavoidable casualty." May v. Hatterick, 203 Ky. 170.

Some allowance must be made for human infirmity; an injury to the head, such as Adams received, not only is followed by great suffering but not unnaturally affects the memory. The affidavits show that Adams would have attended to the case himself but for the fact that by reason of the condition of his mind, due to the injury to his head, he had no recollection of it. If it be true

that Judge Cisco was negligent still Adams was infirm and his infirmity was the reason that he did not attend to his case. There are numerous cases where it has been held that the negligence of the attorney is chargeable to the client, but in all of those cases there was no infirmity on part of the client. Here the real cause of the trouble was Adams' infirmity, for the condition of things would never have existed if the fact that the suit had been brought against him had not passed out of his mind entirely by reason of the injury to his head. It is a sound policy that cases should be tried on their merits and that a litigant should have his day in court. When by reason of casualty or misfortune he has not had his day in court a new trial should be granted. On the whole case the court is satisfied here that in furtherance of justice the court should have granted a new trial and allowed the answer of Adams to be filed. Snelling v. Lewis, 78 S. W. 1124; Ray v. Barnett, 106 S. W. 828.

"The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent on sections of the Code regulating the granting of new trials. This power is not to be exercised capriciously or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself entitled to the legal relief under Code provisions regulating the granting of new trials on ground of casualty and misfortune. But it will depend on whether the ends of justice will be furthered, and in a measure whether the party complaining has been guilty of laches such as to close the ear of the court to his application." Southern Ins. Co. v. Johnson, 140 Ky. 485; Thompson v. First Nat'l Bank, 183 Ky. 69.

It is a well known custom with the bar in Kentucky, when an attorney is a candidate and out canvassing, to pass his cases while he is so away. This probably accounts for the fact that, though no answer was filed, the case was passed until after the November election. It was then for the first time set down for trial and the default judgment was due to two causes without either of which it might not have been given: (1) the injury to Adams' head affecting his memory; (2) the mistake of Mr. Cisco in making out the list of his father's cases.

The ends of justice will be furthered by a new trial, for in view of Adams' condition he has not been guilty of laches, such as to close the ear of the court to his application.

Judgment reversed and cause remanded for further proceedings consistent herewith.