## Aetna Insurance Company v. Hensley.

### Same v. Same.

(Decided June 8, 1926.)

## Appeals from Harlan Circuit Court.

1. Pleading—Allegations of Amended Petition, Filed After Answer was Filed, Cannot be Considered on Demurrer to Answer.—Allegations of amended petition, filed after answer was filed, cannot be considered on demurrer to answer setting up good defense to cause of action alleged in original petition.

2. Pleading.—Pleading will not be aided by an exhibit.

3. Pleading—Demurrer to Petition, on its Face Showing that Fire Loss did Not Occur Within Period Covered by Fire Insurance Policy, Held Improperly Overruled, Notwithstanding Proof that Date Alleged in Petition was Mistake.—Demurrer to petition, alleging that defendant insurance company executed fire insurance policy on April 1, 1922, insuring plaintiff's house for one year thereafter, and that house was destroyed by fire on May 29, 1923, held improperly overruled, notwithstanding proof that year 1922 in petition was mistake for 1923.

4. Contracts.—Petition in suit on written contract should set out terms of contract and show breach thereof.

5. Pleading—Allegation of Petition that Insurer Became Indebted to Insured for Specified Sum on Destruction of Building by Fire Held

Mere Conclusion of Law, in Absence of Allegation as to Amount for which Building was Insured or Terms of Policy.—In action on fire insurance policy, allegation of petition that company became indebted to insured in sum of $1,000 on destruction of insured's house by fire held mere conclusion of law, in absence of allegation as to amount for which house was insured or terms of policy, and demurrer thereto should have been sustained.

6. Judgment—Default Judgment, Entered on Fire Insurance Policy Because of Illness of Defendant's Local Attorney, Held Due to Casualty or Misfortune that Ordinary Prudence would Not Guard Against, Entitling Defendant to New Trial.—Default judgment, entered against defendant insurance company because of illness of local attorney employed by defendant's attorney to assist in defense of action on fire insurance policy, held obtained by casualty or misfortune that ordinary prudence would not guard against, entitling defendant to new trial.

LOW & BRYANT, HITE H. HUFFAKER and WALTER P. LINCOLN for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing both appeals.

These two appeals will be disposed of in one opinion. The first case was a suit brought by W. S. Hensley against the Aetna Insurance Company to recover on a policy of insurance in the sum of $1,000.00 for the loss of a frame dwelling owned by him. The petition was filed August 17, 1923. On October 9, 1923, the defendant filed a demurrer and answer containing three separate paragraphs. A demurrer to the second and third paragaphs of the answer and a reply were filed on the same day. On November 30th an amended petition was filed. The defendant entered a motion that the plaintiff be required to paragraph his reply, and on that day the case was heard on the demurrer and the motion. On December 3rd the demurrer to the petition as amended was overruled, the demurrer to the second paragraph of the answer was sustained, the demurrer to the third paragraph of the answer was overruled, and no order was made on the motion to paragraph the reply. Thus the case stood until May 8th, 1924, when the plaintiff announced ready and the case was tried without the defendant being represented in any way. The first appeal is prosecuted from the judgment entered in favor of the plaintiff on that trial.

The second case is a suit brought by the Aetna Insurance Company against W. S. Hensley for a new trial in the case referred to. The facts are these: Mr. Hite H. Huffaker, of Louisville, was the attorney for the Insurance Company and employed H. M. Brock at Harlan to assist him in the defense of the suit, it being agreed between them that Brock would keep Huffaker posted as to when the case came up and when it would be necessary for him to come to Harlan. Huffaker was there on November 30th and argued the demurrers. The evidence is conflicting as to what happened about the paragraphing of the reply. Huffaker and Brock state that the attorney for the insured, Hensley, confessed that the motion should be sustained and agreed to draw a new reply properly paragraphed and deliver a copy to Brock. On the other hand, the attorney says that he agreed then and there to paragraph the reply by writing the figures 2 and 3 in it at certain places, and that this he did with their consent and knowledge.

There was plainly a misunderstanding between the attorneys on this subject. The defense attorneys understood that the reply was to be paragraphed and that nothing further would be done in the case until the pleadings were completed. On the other hand, the attorney for the company understood that the pleadings were completed. In this condition of things Mr. Brock, who was a member of the state senate, went to the meeting of the legislature and his cases were passed at the February term of the court. The legislature adjourned in March, and when it adjourned Mr. Brock was sick from rheumatism. He went away to be treated. As he returned home he took the flu and was confined to his house with the flu until after the default judgment had been entered against the insurance company. When he learned of the judgment the three days for making a motion for new trial had expired, so he communicated with Mr. Huffaker, telling him the facts, and the insurance company later brought the suit for a new trial. The circuit court on these facts refused a new trial and the insurance company prosecutes an appeal also from this judgment.

The demurrer to the second paragraph of the answer pleading that no proof of loss had been furnished the company was improperly sustained. It is true that by an amended petition, filed after the answer was filed, the plaintiff stated facts making it unnecessary for him

to furnish proof of loss, but the allegations of this amended petition cannot be considered upon demurrer to the answer, for it was filed after the answer was filed. The answer was a good defense to the cause of action set out in the original petition, and the demurrer to the answer should for this reason have been overruled.

The defendant's demurrer to the petition should have also been sustained. It is alleged in the petition in substance that the defendant executed to Hensley a fire insurance policy on the first of April, 1922, by which it insured the house in question for a period of one year thereafter, and afterwards on May 29, 1923, the dwelling house was totally destroyed by fire, whereupon the defendant by the terms of the policy became indebted to him in the full sum of $1,000.00, which was the amount of the policy. It is a familiar rule that a pleading will not be aided by an exhibit. It is said that the figures 1922 in the petition are a mistake for 1923. However this may be, the petition on its face does not show that the loss occurred within one year after April 1, 1922, or within the time limits of the policy. In addition to this a suit upon a written contract should set out the terms of the contract and show a breach of this contract. The allegation that the defendant became indebted to the plaintiff in the sum of $1,000.000 is a mere conclusion of law. It does not appear from the petition in what sum the house was insured or in what amount or upon what terms the defendant insured the property. The demurrer to the petition should have been sustained; see form in Carroll's Code, pages 940-941. The judgment in the first case is therefore reversed.

It is clear from the proof that the default judgment was due to the fact that Mr. Brock was sick with the flu and had been confined to his house since his return home. Under such circumstances the proof on the petition for a new trial showed that the default judgment was obtained by casualty or misfortune that ordinary prudence would not guard against. Bone v. Blankenbaker, 71 S. W. 638; Adams v. Nelson, 214 Ky. 411. The judgment in the second case is also reversed and cause is remanded for further proceedings consistent herewith.