## City of Providence v. Southern Roads Company.

(Decided May 31, 1932.)

J. A. JONSON and CASS L. WALKER for appellant.

J. C. CANNADAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Southern Roads Company, a corporation, brought this suit against the city of Providence to recover a claim for interest amounting to $2,182.90. The city having declined to plead further after its demurrer was overruled, judgment was rendered in favor of plaintiff. The city appeals.

The allegations of the petition, briefly stated, are these: In the year 1923 the city council of Providence ordered the improvement of certain streets in the city at the cost of the abutting property owners. Responsive to a proper advertisement the Southern Roads Company submitted the lowest bid, which was accepted by the city. Following the acceptance of its bid it entered into a contract to do the work. Thereafter the work was performed in accordance with the specifications and duly reported and accepted by the city. On January 6, 1925, the city council enacted an ordinance assessing the cost of the work on the abutting property, and this ordinance was published before January 16, 1925. From and after that date plaintiff was entitled to interest on the contract price. The city duly issued street improvement bonds in the sum of $78,900 on the 10-year payment plan in anticipation of such parts of the local assessments as were not paid within 30 days from the date of the assess-

ment. It was the duty of the city to issue said bonds bearing 6 per cent interest from January 16, 1925, the date of the publication of the assessment ordinance, but instead of doing this it passed an ordinance attempting to change the date of the issue of the bonds from January 16, 1925, to July 1, 1925, and issued the bonds as of the latter date. The bonds were offered for sale, and, not being offered as much as par with accrued interest, the city, in September, 1925, turned the bonds over to plaintiff. Plaintiff then credited the city with the value of said bonds paid as of July 1, 1925, leaving a balance due plaintiff of 6 per cent interest on the $78,900 from January 16, 1925, to July 1, 1925, amounting to $2,281.90. By reason of the city's failure to issue the bonds bearing interest from the date of the assessment as provided by the ordinance and statute it became indebted to plaintiff in the amount of the interest. The city has collected such interest from the abutting property owners who failed to pay their assessments in cash, and now holds said funds belonging to and due plaintiff as interest, and refuses to account for same.

Under the statutes, an abutting property owner, after the work has been accepted and the cost thereof assessed, has the option to pay in cash without interest, within 30 days, or in ten annual installments. Any such tax not paid within 30 days bears interest at the rate of 6 per cent per annum from the date of the publication of the assessment ordinance. Where the option to pay in installments is exercised, the tax with interest at the rate of 6 per cent per annum is payable one-tenth, with interest on the entire tax, at the time fixed by law for the payment of general city taxes occurring next after the expiration of the 30 days allowed for payment in cash, and annually thereafter one-tenth of the entire tax until the whole is paid. At the end of each six months from the time the first installment of the tax becomes due, interest shall be due and payable for such six months on all unpaid installments of the tax. It is the duty of the treasurer, upon the order of the board of council, to promptly apply all money paid in on such installments to the payment of bonds and coupons which may be issued on the 10-year plan, which bonds "shall bear the date of the publication of the assessing ordinance." Kentucky Statutes, secs. 3574, 3575, and 3577. Briefly stated, the position of the contractor is that by reason of the action of the city in dating the bonds July 1, 1925,

instead of January 16, 1925, the date of the publication of the assessment ordinance, as required by the statute, it was deprived of interest on all the installments from January 16, 1925, to July 1, 1925, and the city is therefore liable ex delicto for the amount of such interest. In several cases we have applied the rule that a city failing to assess the cost of authorized street improvements on abutting property, or to collect the assessments, may become liable in damages measured by the contract price, although the contract provided for the improvement at the cost of the abutting property. Kearney v. City of Covington, 1 Metc. 339; City of Catlettsburg v. Citizens' National Bank, 234 Ky. 120, 27 S. W. (2d) 662; City of Covington v. McKenna, 242 Ky. 452, 46 S. W. (2d) 760. But this is not that kind of a case. It is conceded in the petition that the abutting property was properly assessed, and that the city has collected the interest from the abutting property owners, who failed to pay their assessments in cash, and the only ground on which liability is predicated is the unauthorized dating of the bonds July 1, 1925, instead of January 16, 1925. In the circumstances, substantial justice may be done without imposing personal liability on the city. Bonds have been issued, and the statute requires that all money paid on installments shall be applied to the payment of the bonds and coupons. If appellee still has the bonds, the matter may be adjusted by applying the money paid on the installments to the redemption of the bonds and coupons as if they had been dated January 16, 1925. On the other hand, if the bonds have been sold, the purchaser who bought with knowledge that they bore interest only from July 1, 1925, though entitled to have all paid installments applied on the bonds, is not entitled to interest prior to the date of the bonds. Any balance left after the redemption of the bonds and coupons should be applied on appellee's claim for interest from January 16, 1925, to July 1, 1925. If, however, the city has not taken, or does not take, the necessary steps to assess and collect from the abutting property owners interest on the installments from January 16, 1925, the city will be liable in damages measured by such interest. It follows that the demurrer to the petition should have been sustained.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.