## City of Ashland v. Hunt-Forbes Const. Co. (two cases).

(Decided March 27, 1936.)

R. CAMPBELL VAN SANT for appellant.

STROTHER HYNES for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The same facts and questions of law are involved in these two appeals and for this reason we shall dispose of them in one opinion.

The city of Ashland, by appropriate ordinances, the regularity of which is not here questioned, ordered the improvement of designated streets at the exclusive cost of the owners of the abutting property, as authorized by section 3096, Kentucky Statutes. The construction of the improvement was let, as provided by statute, to the lowest and best bidder. The Hunt-Forbes Construction Company being such, it entered into a contract with the city for the construction of the improvement.

Anna B. Stone owned lots in the city fronting 393 feet on the north of Beech street between the east line of the Ferry tract of land and Midland Trail. The cost of the improvement, when appropriately apportioned to the abutting property thereon, was $5.3703 for each front foot. Nina McCoy and Eugene McCoy were the owners of lot No. 12, block No. C-2, fronting 50 feet on the south side of 39th street, and the cost of the improvement apportioned equally according to the number of front feet on each piece of property on

that portion of 39th street was $5.020746 for each front foot.

After the completion of the work, the city accepted it, confirmed the engineer's cost thereof, and apportioned the cost of the work to the abutting property of Stone and the McCoys. Neither of them paid the assessment within thirty days after it became due, nor availed themselves of the right to pay it on the ten-year payment plan.

The city filed these actions to enforce the lien existing in virtue of section 3096, for the amount apportioned to their respective property, with interest and penalty.

The Hunt-Forbes Construction Company filed in each action an intervening petition in which it asked that the same be taken as its answer and counterclaim against the city and a cross-petition against the McCoys in the action against them, and against Stone in the action against her.

In the action against the McCoys, the Hunt-Forbes Construction Company charged that the original assessment against their lot, including interest and penalty, exceeded 50 per cent. of the improved value by $241.04, and that in virtue of sections 3096 to 3102, inclusive, Kentucky Statutes, the city thereby became indebted to it in the sum of $241.04, with ten per cent. penalty and interest at the rate of 6 per cent. per annum from the 7th day of December, 1926. It made the same allegations as to the Stone lots with this addition, that the city apportioned and assessed against her lot, exceeding 50 per cent. of the improved value, $1,160.28, and it sought to recover this sum with 10 per cent. penalty and 6 per cent. per annum from the date of the assessment.

The city objected to the filing its intervening petitions and also demurred thereto. Its objection to the filing of the intervening petitions as well as its demurrers was overruled. On the completion of the issues, and on the evidence offered by the parties, the court decreed that the improved value of the McCoys' lot upon which the computation for the street improvement assessed against it was $25 as between the city and the Hunt-Forbes Construction Company; and the

city had $291.04, a first lien on it, to secure the payment thereof with interest at the rate of 6 per cent. per annum from the 7th day of December, 1926, and $29.10 penalty, and the cost of the action; that its lien on the lot to secure the payment of $12.50 was for the benefit of the Hunt-Forbes Construction Company. As against the city, judgment was rendered in favor of the Hunt-Forbes Construction Company for $278.54 with inertest at the rate of 6 per cent. per annum from the 7th day of December, 1926, and costs.

In the action against Anna B. Stone, the court found the improved value of her lots was $25 each. The Hunt-Forbes Construction. Company was adjudged a lien to secure $12.50 on each lot. As against the city, a judgment was rendered in favor of the Hunt-Forbes Construction Company for $1,160.26, the difference between the value assessed by the court and 50 per cent. of the improved value, with interest from the 3rd day of August, 1926, and costs.

The Stone case differs from the McCoy in that she defended, asserting that the assessment against her lots exceeded 50 per cent. of the value. The city concedes that the Hunt-Forbes Construction Company had the right to intervene therein and obtain a judgment against it for the amount adjudged to be in excess of the 50 per cent. of the improved value of her lots. The city appeals from that part of the judgment in the Stone case which permits the Hunt-Forbes Construction Company to recover interest on the judgment against it from the date of the original apportionment and that requiring the city to pay the costs of the action. It appeals in the McCoy case as to these questions and also as to the ruling permitting the contractor to intervene in the case for any purpose, and especially for the purpose of raising the question of the insufficiency of the value of the property to pay the cost of the improvement assessed and apportioned against it.

The city does not dispute that so much of the cost of the improvement as was apportioned against the lots that exceeded 50 per cent. or one-half of the value, including the improvement, as of the date of the acceptance of the work by the city and the apportionment of the cost, is void [section 3096, supra; Forbes

et al. v. City of Ashland, 246 Ky. 669, 55 S. W. (2d) 917], nor dispute that the city is liable to the contractor for such excess and that it is its duty to pay the same out of the general fund [section 3096, supra].

Section 3096, Kentucky Statutes, contains these provisions:

"A tax shall be levied upon such lots or parcels of real estate for the payment of the cost assessed thereon, which tax shall be due and payable at the city treasurer's office upon the completion of the work and the acceptance thereof by the general council. * * * Any such tax which is not paid within thirty days after the same becomes due, shall have added thereto a penalty of ten per cent. of the amount of the tax * * * and any such tax * * * which is not paid within thirty days after the same becomes due shall, together with interest and penalties be placed upon the tax duplicate and tax bills with other taxes."

"Under the statutes, an abutting property owner, after the work has been accepted and the cost thereof assessed, has the option to pay in cash without interest, within 30 days, or in ten annual installments. Any such tax not paid within 30 days bears interest at the rate of 6 per cent. per annum from the date of the publication of the assessment ordinance. Where the option to pay in installments is exercised, the tax with interest at the rate of 6 per cent. per annum is payable one-tenth, with interest on the entire tax, at the time fixed by law for the payment of general city taxes occuring next after the expiration of the 30 days allowed for payment in cash, and annually thereafter one-tenth of the entire tax until the whole is paid. At the end of each six months from the time the first installment of the tax becomes due, interest shall be due and payable for such six months on all unpaid installments of the tax."

City of Providence v. Southern Roads Co., 244 Ky. 346, 50 S. W. (2d) 931.

And where the city, itself, under the statute, because the assessment exceeds 50 per cent. of the improved value of the lot, is liable for interest on the

amount which it should pay under the statute; for a statement of this principle, see City of Covington v. McKenna, 242 Ky. 452, 46 S. W. (2d) 760.

It is apparent the court properly allowed interest against the city.

Wherefore, the judgment is affirmed.

The whole court sitting.