## Hunt et al. v. City of Ashland.
(Decided April 22, 1938.)
(As Modified on Denial of Rehearing Sept. 30, 1938.)

STROTHER HYNES for appellants.
PORTER M. GRAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Reversing.

This is an appeal from a judgment of the Boyd circuit court sitting in equity. The suit was filed by George Hunt, M. I. Forbes, and J. W. Bosley, partners, doing business as Hunt-Forbes Construction Company, against the City of Ashland to recover the amount by which certain assessments made for street improvements exceeded more than one-half of the value of the lots against which assessments were made, following the completion and acceptance of the work done under four separate paving contracts between the city and appellants. It is provided in section 3096 of the Kentucky Statutes (in part):

> "Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lot or parcel of real estate upon which the assessment is made shall be void as to such excess, * * * and the general council, or board of commissioners shall provide for the payment of any such excess out of the general fund."

No objection has been made to the procedure adopted by appellants in lumping together their claims arising on four separate projects. All of the contracts are in the same terms, and each of them contains a provision "that the City of Ashland shall not be responsible * * * or liable for any deficit caused by the value of the property abutting or fronting thereon not being sufficient to bear the assessment of any part thereof."

In Forbes v. City of Ashland, 246 Ky. 669, 55 S. W. (2d) 917, a case involving another contract between the same parties, in the same terms, we held that the provision in the contract exempting the city from liability for deficits caused by the insufficiency of abutting property to bear the assessment was not enforceable because contrary to public policy. Following the decision of that case in 1932, this suit was filed in April, 1934, to recover on claims, the last of which is asserted to have accrued on November 15, 1927. Appellee pleaded the five-year statute of limitations, Kentucky Statutes, sec. 2515, on the theory that the suit was filed to enforce a liability created by statute or to recover for injury to the rights of the plaintiffs. The chancellor sustained the plea of the five-year statute of limitations and dismissed the petition, and this appeal followed.

Appellants plant themselves squarely on the proposition that their suit is based upon their written con-

tract with the city and its promise to pay therein, and not upon any liability created by statute or any contract arising by implication. In the final analysis, therefore, the only question for us to determine is whether or not this is a suit on a written contract, to be governed by the fifteen-year statute of limitations, Kentucky Statutes, sec. 2514, or whether it is a suit to recover for a liability created by statute, and therefore governed by the five-year statute of limitations.

It is admitted that the city proceeded under section 3096 of the Kentucky Statutes when it entered into the contracts here involved. The ordinances were passed, the bids were let, and appellants' bid accepted under the provisions of the statute. The only right of the city to make a contract for paving at the expense of abutting property owners was derived from the statute, and it was the public policy expressed in the statute which led us to our decision in Forbes v. City of Ashland, supra. The statute was as much a part of the contract as if it had been written therein, but it is the contract, and not the statute, which fixes the liability of the city to these appellants.

In City of Louisville v. Gleason, 71 S. W. 880, 24 Ky. Law Rep. 1491, a suit was filed by a paving contractor to enforce his liens against the abutting property and to collect any deficiency from the city. Met by a plea of the five-year statute of limitations, the Court pointed out that "the city's liability is not properly one created by statute, but is created by a contract in writing, and signed by it. Therefore the 15-year period of limitation alone applies." [page 882.] An analogy appears in the actions against insurance companies wherein some provision of the policy involved contravenes the mandates of the laws regulating insurance. In those cases it has been held that the statutes regulating the insurance business are read into and become a part of policies issued in this state. Commonwealth Life Insurance Company v. Haskins, 259 Ky. 780, 83 S. W. (2d) 457; Security Life Insurance Company v. Watkins, 189 Ky. 20, 224 S. W. 462. In each of these cases it has been held that the insurance company was liable on the policy. It seems equally true here that the liability of the city, while fixed by the statute, is on the written contract, and not by virtue of the general law.

It has been consistently held that, in the absence of

statute, a city has the inherent power to pave its streets and pay the cost out of the general tax fund. City of Louisville v. Hyatt, 41 Ky. 177, 2 B. Mon. 177, 36 Am. Dec. 594; Guthrie v. Louisville, 45 Ky. 575, 6 B. Mon. 575; Kearney v. Covington, 58 Ky. 339, 1 Metc. 339. The result of these decisions was to hold the various municipalities on their contracts even though their officials had negligently failed to take the steps necessary to create liens upon abutting property. In order to meet this situation, the Legislature, as early as 1870, provided as to cities of the first class: "The city shall in no event be liable for the cost of street improvements without having the right to enforce it against the property receiving the benefits thereof." This provision of the statutes presented a serious problem where paving was done in front of nontaxable property, such as a cemetery, public school, or courthouse. This court, however, construed the statute to apply only to those cases where the city could create a valid lien against the abutting property. The city was held responsible under its contract for the amount of the assessment against nontaxable property. City of Louisville v. Bitzer, 115 Ky. 359, 73 S. W. 1115, 24 Ky. Law Rep. 2263, 61 L. R. A. 434; City of Louisville v. Nevin, 73 Ky. 549, 10 Bush 549, 19 Am. Rep. 78; City of Louisville v. Leatherman, 99 Ky. 213, 35 S. W. 625, 18 Ky. Law Rep. 124; Hancock Co. v. Mt. Sterling, 170 Ky. 207, 185 S. W. 856. In the Bitzer Case, supra, as here, the contention was made that the contractor had agreed by his contract not to look to the city for payment. The court held, however, that the contract was made under the statute and that it must be "read in connection" with it. So, in the case at bar, the gist of the action is on the contract, and the five-year limitation does not apply.

It is argued that the effect of concluding that the action is on a contract rather than for a liability created by statute is to hold the city liable on an implied agreement in the face of the authorities deciding that a municipal corporation can be held responsible only upon its express contract. We do no violence to that rule here. The city has made an express contract pursuant to the statute, and its terms are governed by the provisions of the act. Its promise to pay was as broad as the statute, and the invalid exceptions from liability must be ignored. City of Louisville v. Bitzer, supra.

Several other questions are presented in the case

which were not considered by the trial court because of its view that the suit was barred by the statute of limitations. We will not here undertake to consider those questions until they are passed on in the court below, and they are therefore reserved.

Judgment reversed.

Whole Court sitting.