## City of Ashland v. Brown's Adm'x.

May 22, 1942.

J. Gardner Ashcraft and John W. McKenzie for appellant.

Davis M. Howerton and John T. Diederich for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

By a contract entered into between the City of Ashland and the Canfield-Brown Construction Company, a partnership, in June 1925, the exact date not appearing in the record, the Company agreed to construct certain streets in Ashland and was to be paid by the City from assessments made against the abutting property and from the sale of street improvement bonds. The construction was done at the expense of the abutting property owners under Section 3096, Kentucky Statutes, and on Dec. 15, 1925, an ordinance was passed accepting the work and apportioning the cost.

On Feb. 16, 1931, two of the partners of the Company brought this suit against the other members thereof for a settlement of the partnership affairs. Without pleading the substance or terms of the contract the petition alleges that the City is indebted to the Company in a balance of $1,192.24 for work done under the contract, and the City is made a party to the action in order that it may pay this sum to the partnership. The prayer of the petition is that the partnership affairs be settled and those indebted to it be required "to pay over to them the said amounts as set out with legal interest." A summons was issued against and served upon the City.

On March 9, 1934, an amended petition was filed alleging the Company did the work under the contract and that an assessment was made against a lot owned by Watt M. Prichard for $496.92 and against a lot of the Justice Land Company for $695.32, and these two assess-

ments aggregating $1,192.24 were in default and had been for more than five years and were barred by the statute of limitations; that the City had negligently failed to enforce collection against these pieces of property, resulting in the sum of $1,192.24 being lost to the paving fund and to the Company.

On Jan. 22, 1941, Elizabeth Brown, administratrix of Rance Brown, who had been a member of the partnership and to whom the street claim of the Company had been assigned, filed an amended petition in this action. Her amendment filed the contract and averred that the work was performed in conformity with its terms; that the market value of each of the two lots involved was $100; that so much of the assessment against each lot as exceeded $50 is spoliation and void, and the city is liable therefor. Judgment was asked against the City for $1,192.24 with interest from Feb. 25, 1926.

The City's demurrer to the petition as amended filed by the administratrix was overruled, and it pleaded by answer that her amendment was not filed within 15 years after the action accrued. The administratrix' demurrer was sustained to the City's answer. Whereupon the City amended and pleaded the validity of the assessment had not been attacked until the administratrix filed her amended petition on Jan. 22, 1941, which was more than five years and more than fifteen years after the apportionment ordinance was enacted and published, and the five and fifteen year statutes were pleaded as a bar to the action. A reply by the administratrix completed the issue.

The cause was submitted on the pleadings and the court adjudged that the fair market value of each of the lots in question was $100, and the assessment against each in excess of half of its value, or $50, was void. Each assessment was credited by $50 and judgment for the invalid excess was rendered against the City in the aggregate sum of $1,092.24, with interest from Dec. 15, 1925.

On this appeal the City raises two questions: First, the action against it was barred by limitations. Secondly, if not so barred, then its liability was not fixed until it was judicially determined that spoliation had been committed against the lots involved, therefore interest did not start until the judgment was entered.

This action was brought on the theory that the City

was liable on the written contract rather than under Section 3096, Kentucky Statutes, and the action could be brought within 15 years as provided by Section 2514 and was not controlled by the 5-year statute, Section 2515. This is the correct theory. Hunt v. City of Ashland, 274 Ky. 567, 119 S. W. (2d) 640, 641. The contract was made under an ordinance passed pursuant to Section 3096 which provides the improvements shall be made at the exclusive cost of the abutting property owners. Section 3096 recites that where the assessment exceeds one-half of the value of the real estate upon which it is made, such excess is void and the City shall pay same out of its general fund. But in holding the City liable for the assessment on the contract rather than the statute it was written in the Hunt case:

"The statute [§ 3096] was as much a part of the contract as if it had been written therein, but it is the contract, and not the statute, which fixes the liability of the city to these appellants."

The assessment ordinance was enacted by the City on Dec. 15, 1925, and as this action was instituted on Feb. 16, 1931, there is no question about it being brought in time.

The original petition stated no cause of action against the City. The action was based upon a written contract but neither the terms nor the substance of the contract were pleaded, nor was the contract itself filed with the petition, nor did the prayer of the petition ask recovery against the City. The rules of pleading require that the substance of the contract be pleaded, and the Company stated no cause of action by alleging there was a balance due it on the contract. Riggs v. Maltby & Co., 59 Ky. 88, 2 Metc. 88; Miller v. McConnell, 118 Ky. 293, 80 S. W. 1103; Gordon v. City Nat. Bank, 140 Ky. 47, 130 S. W. 818; Ætna Ins. Co. v. Hensley, 215 Ky. 45, 284 S. W. 425.

It is insisted by appellant that the original petition did not state a cause of action and as the amendment which was filed more than 15 years after the right of action accrued stated a new cause of action, the amendment is barred by the 15-year statute of limitations, Section 2514. The general rule as to whether the statute of limitations forbids the filing of an amended petition is thus stated in 34 Am. Jur., Section 260, p. 211:

"An amendment to the plaintiff's declaration, complaint, or petition, so long as it does not introduce a new cause of action or make any new demand or substantially change the cause of action, but merely restates in a different form the cause of action originally pleaded, relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run. Under this rule, where an amendment to the plaintiff's pleading is properly allowed, so far as regards the statute of limitations it will have the same effect as if his pleading had been properly filed in the amended form at the commencement of the suit. Where, however, the amendment introduces a new cause of action or one which is different and distinct from that originally set up, the new pleading is deemed equivalent to the bringing of a new action, and there is no relation back to the filing of the original pleading which will prevent the statute of limitations from running against the new cause of action down to the time that it is introduced by the amendment."

This text is supported by many opinions in this jurisdiction which were cited in the briefs. A few of them are Louisville & N. R. Co. v. Greenwell's Adm'r, 155 Ky. 799, 160 S. W. 479; Bland v. Kittinger, 9 S. W. 301, 10 Ky. Law Rep. 417; M. V. Monarch Co. v. First Nat. Bank, 105 Ky. 336, 49 S. W. 32, 20 Ky. Law Rep. 1223; Louisville & N. R. Co. v. Pointer's Adm'r, 113 Ky. 952, 69 S. W. 1108; Maverick Oil & Gas Co. v. Howell, 193 Ky. 433, 237 S. W. 40; Middlesboro Home Telephone Co. v. Louisville & N. R. Co., 214 Ky. 822, 284 S. W. 104.

In view of the fact that the amendment filed by the administratrix on Jan. 22, 1941, predicated the City's liability on the written contract for the excessive and void assessment provided in Section 3096, and inasmuch as the above quoted excerpt from Hunt v. City of Ashland, 274 Ky. 567, 119 S. W. (2d) 640, states this section of the statute is as much a part of the contract as if it had been written therein, it is evident this amendment did not state a new cause of action. Like the original petition, this amendment was bottomed upon the written contract to enforce a liability provided by statute and it merely corrected the defects in the original petition

without making any substantial change in the cause of action. Therefore, under the authorities just above cited, the amendment relates back to the commencement of the action and avoids the operation of the statute of limitations.

We now come to the question of interest. This very question was disposed of in City of Ashland v. Hunt-Forbes Const. Co., 264 Ky. 138, 94 S. W. (2d) 314, wherein it was written that the City's liability for the paving assessments in excess of 50% of the improved value of the lots bears interest from the date of the apportionment. This is the date which the chancellor fixed in his judgment for the interest to start. The authorities relied upon by appellant, City of Louisville v. Selvage, 66 S. W. 376, 26 Ky. Law Rep. 479; Gosnell v. City of Louisville, 104 Ky. 201, 46 S. W. 722; and City of Louisville v. Selvage, 106 Ky. 730, 51 S. W. 447, 52 S. W. 809, hold that interest on a reapportionment, should be allowed only from the date of the reapportionment. As there was no reapportionment in the instant case, these authorities have no application. Even these authorities were distinguished from the situation where the reapportionment was due to the fault of the city in Hunt-Forbes Const. Co. v. City of Ashland, 265 Ky. 356, 96 S. W. (2d) 854.

The judgment is affirmed.

Whole court sitting.