## Richard H. Koch, Appellant, *v.* The County of Schuylkill.

*Public officers—Fees of district attorney—Special statutes.*

Under the Act of January 22, 1869, P. L. 100, which extends the Act of April 2, 1863, P. L. 249, to Schuylkill county and the Act of April 12, 1866, P. L. 103, the district attorney is entitled to fees as follows : $5.00 in each case settled by leave of court in accordance with the provisions of the act of assembly by consent of the prosecutor, and the mere entry of a nolle prosequi in such a case does not take it out of the category of settled cases, if other facts necessary to constitute it such appear of record. In cases where a nolle prosequi has been entered by leave of court the amount of the fee is not fixed, although one is in contemplation under the act of 1869. Under such conditions the minimum fee of $5.00 per case should be allowed.

In cases where a nolle prosequi is entered before indictment found, where the case is not settled according to law, no fee should be allowed.

*Interest collectible on fees withheld by the county.*

Interest is due whenever a liquidated sum of money is unjustly withheld. A district attorney is therefore entitled to interest on the amount of fees illegally withheld from the time when their payment has been demanded from and withheld by the county commissioners.

Argued Dec. 6, 1899. Appeal, No. 138, Oct. T., 1899, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1894, No. 254, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by BEAVER, J. W. D. PORTER, J., dissents.

Assumpsit. Before LYONS, P. J., of the 41st judicial disdrict, specially presiding.

It appears from the record that this was an action to recover certain fees claimed to be earned by plaintiff as district attorney of Schuylkill county. The fees for cases which had been tried amounted to $444, and the cases where a nolle prosequi had been entered amounted to sixty in number, for which services plaintiff claimed $300, or the sum of $5.00 for each case.

The court charged the jury as follows:

Gentlemen of the jury: R. H. Koch, the plaintiff, has brought this action of assumpsit against Schuylkill county to recover certain fees which he alleges are due and owing to him by the defendant as district attorney of the said county. The plaintiff was duly elected district attorney of Schuylkill county at the general election held in November, 1889, and his term of office commenced on the first Momday of January, 1890, and expired on the first Monday in January, 1893. He seeks to recover the sum of $784, which he alleges the county of Schuylkill owes him for fees in a number of cases in which he prepared the bills of indictment and tried the case in the court of quarter sessions of this county. As to a number of the cases for which he claims to recover, there is no defense set up by the commissioners of the county, and as to those cases he is entitled to recover. [But in the statement of claim which he has filed in this case there were sixty cases in which a nolle prosequi was entered by the district attorney by leave of the court, and in each of those cases he claims to recover the fee

of $5.00. But he has been unable to point the court to any statute which authorizes him to receive from the county of Schuylkill the sum of $5.00 for each one of these cases.

His fees are purely of statutory origin, and unless the plaintiff can show that by some act of the legislature he is authorized to receive or to recover that amount, he cannot recover it. At common law the county was not liable for costs, and he who seeks to take money out of the public treasury must come prepared to show by what right he claims to do so. No act of assembly has been shown which authorizes the district attorney to recover from the county in cases where a nolle prosequi has been entered the sum of $5.00, and therefore we say to you that he cannot recover for that amount.] [1] [In fact, we think that he is directly prohibited from recovering from the county the amount claimed for nolle prosequis by the 5th section of the Act of May 3, 1850, P. L. 654, which reads as follows : " If any district attorney shall demand any greater fee than that allowed in the fee bill, for any services he shall perform in relation to any case, or shall receive any fee, reward or present, for the examination of any case in relation to a nolle prosequi, he shall be liable to an indictment therefor, and on conviction, shall be deemed guilty of a misdemeanor in office, and be punished by fine, at the discretion of the court, as well as removal from said office." That is the act of assembly which made the office of district attorney elective, and it prescribed the duties of a district attorney, and it prohibits him from receiving a fee for any case in which a nolle prosequi is entered.] [2]

[Besides this an act of assembly was passed and related to the county of Luzerne, and we refer to the case of Williams and others against Luzerne county, found in 8 Kulp, on page 15, where the court held that in the case of a nolle prosequi the district attorney was not entitled to recover from the county any fee for his service in that case. So that we say to you that the plaintiff's total claim is for $784, that you will deduct therefrom the sixty cases wherein he claimed a fee of $5.00 each, amounting to $300,] [3] and there were two other cases in which the district attorney claimed a fee of $7.00 each, which we instruct you he is only entitled to recover the sum of $5.00 under the act of assembly relating to the fees of district attorneys. And there were embraced in this claim six cases in which

the fees claimed were $6.00, which we instruct you he is not entitled to recover, as a matter of law. So that there is really no question of fact which will require your consideration. The counsel for the county has examined the statement of claim as made by the plaintiff under the rulings of the court, and no objection is made thereto. According to this statement there would be due to the plaintiff the sum of $444. [On this he claims interest from January 2, 1893, to May 23, 1899, amounting to $170.27. Whether or not you allow him interest is a question for you.] [4]

Ordinarily where one man owes another and does not pay him when the debt is due, he is entitled to recover interest for withholding the payment of the money. [But where there is no specific contract between the parties as to the payment of interest, the question is one to be submitted to a jury, and it is for you to say whether or not this plaintiff should recover interest as claimed by him from January 2, 1893, to May 23, 1899. If the county owed the money and improperly withheld its payment, then you ought to allow interest; that is a question which you must determine, and allow interest on this sum for such time as you may think right and proper, or you are not bound to allow interest at all. It is a question of what is right, what should be done under the circumstances, and we thus submit the question to you. So that if you find for the plaintiff under the statement that was made, there would be due the plaintiff a sum of $444 that is not in dispute. The remaining question is how much interest you will allow the plaintiff to recover. You will return such verdict as you think is right and proper.] [5]

Verdict and judgment for plaintiff for $444. Plaintiff appealed.

*Errors assigned* were (1–5) to portions of the judge's charge, reciting same.

*F. W. Bechtel* and *R. H. Koch*, with them *M. H. Moyer* and *S. M. Enterline*, for appellant.

*H. O. Bechtel*, county solicitor, for appellee.

OPINION BY BEAVER, J., February 16, 1900:

The Act of April 2, 1863, P. L. 249, provided that "the county of Luzerne shall pay all legal costs of the officers of the courts of quarter sessions and oyer and terminer, including the fees of the district attorney, in all criminal prosecutions in said county, whether of misdemeanor or felony." The provisions of this act were, by the Act of January 22, 1869, P. L. 100, extended to Schuylkill county, and, in a proviso, it was enacted that "the same shall apply to the costs of the officers therein named in prosecutions in which a nolle prosequi has been entered by leave of court since September the first, Anno Domini, one thousand eight hundred and sixty-eight." The Act of April 12, 1866, P. L. 103, provides, "that, in lieu of the fees now allowed by law, the district attorney in and for the county of Schuylkill, inter alia, shall receive for . . . . 'a case settled with leave of court, five dollars.'" These acts taken together fix a liability upon the county of Schuylkill for the fees of the district attorney in all such cases as were settled by leave of court of $5.00 each, and as to these the county commissioners undoubtedly had the right, by their agreement with him, to bind the county. The liability of the county in such cases, however, attached without any action upon the part of the commissioners. As to settled cases, therefore, there is no doubt of the plaintiff's right to recover the fee of $5.00. By a settled case, of course, is meant one which is settled in accordance with the provisions of the act of assembly by consent of the prosecutor, the defendant, and by leave of court. The entry of the nolle prosequi in such a case does not take it out of the category of settled cases, if the other facts necessary to constitute it such appear of record.

The act of 1869, supra, relating to Schuylkill county, provides for the payment of the costs in all cases in which a nolle prosequi has been entered by leave of court, but the amount of the fee of the district attorney in such cases is not fixed. As to these cases the officer who faithfully discharges his duty is surely not to be deprived of all compensation, because of the silence of the act as to amount. He is to be paid, but paid how much? Surely not less that the minimum fee allowed by law for the prosecution of other cases, which is $5.00. When, therefore, an indictment has been regularly found and a judg-

ment of nolle prosequi duly entered, such a fee should be allowed as has been, so it seems, the universal practice heretofore since the passage of the act of 1869. As to nolle prosequi cases entered before indictment found, where the case is not settled in the manner above stated, the ruling of the court below was correct. As the case goes back on other grounds, we indicate this as a proper basis of fixing the fees of the plaintiff, although we might not have felt it our duty to reverse the court below upon the first, second and third assignments of error relating to this subject, if they stood alone.

Interest has been defined to be " the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." " It is completely due whenever a liquidated sum of money is unjustly withheld. It is a legal and uniform rate of damages allowed in the absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge the debt:" Kelsey v. Murphy, 30 Pa. 340 ; Minard v. Beans, 64 Pa. 411. Whatever amount was due the district attorney from the county at the time of the expiration of his term of office would bear interest, after demand made upon the commissioners for payment. It would seem, from the testimony of the plaintiff, which is not controverted, that he made demand for the payment of what was due him in January, 1893, and that the commissioners refused to pay anything. He was, therefore, entitled to interest upon whatever amount was found to be due at the time of the trial from the date of demand. As to a portion of the demand there was no dispute or denial. The law gave him interest as a compensation for the detention of money which rightfully belonged to him and it was, therefore, error for the court to leave the question of whether or not interest should be allowed to the jury. The only question in this behalf for their determination was the amount, and that depended entirely upon the amount found to be due at the date of demand and refusal. The fourth and fifth assignments are, therefore, sustained. Judgment reversed and a new venire awarded.

W. D. PORTER, J., dissents as to allowance of fees in nolle prosequi cases after indictment.