# CHARLESTON.

## HEZEKIAH ADKINS *v.* WAYNE COUNTY COURT.

Submitted September 18, 1923.   Decided September 25, 1923.

1. COUNTIES—*County Court Held · Liable for Breach of Agreement to Construct Class A Hard Road, as Provided in Right of Way Deed.*

    As a necessary intendment to the statutory provisions in effect August 5, 1919, relative to the powers of county courts and the establishment of public roads, a county court was authorized to accept a deed for right of way, the consideration for which was the agreement of the county court to build thereon a Class A hard road. . No other facts being shown, failure to construct and pave such road within a reasonable time renders the county court liable in an action for breach of its agreement. (p. 463).

2. APPEAL AND ERROR—*Ruling on Motion to· Quash Bill of Particulars Not Reviewable on Certificate; "Pleading," Challenge to Sufficiency of Pleading.*

    A bill of particulars not being a pleading, a motion to quash the same is not a challenge to the sufficiency of a pleading under section 1, chapter 135, Code, and the trial court's ruling on such motion is not reviewable by this court upon certificate. (p. 462).

Case Certified from Circuit Court, Wayne County.

Action by Hezekiah Adkins against the Wayne County Court. Demurrer to the declaration and amended declaration was overruled, the court required plaintiff to file a specification of damages claimed in the declaration, defendant excepted to the specification and moved to strike it, which motion the court sustained, and on the joint application of both parties certified his rulings on the motion to strike for review.

*Ruling affirmed in part.*

*Vinson, Thompson, Meek & Renshaw,* for plaintiff.
*Chas. W. Ferguson* and *E. J. Wilcox,* for defendant.

MEREDITH, JUDGE:

The demurrer to the declaration and amended declaration was overruled; the court required plaintiff to file a specification of damages claimed in the declaration; defendant excepted to the specification and moved to strike it from the record, which motion the court sustained; and upon the joint application of both parties certified his rulings upon the demurrer and upon the motion to strike to this court for review.

The declaration is in assumpsit, and is based upon an agreement, the terms of which are in a deed from plaintiff to defendant, dated August 5, 1919, conveying a strip of land for a right of way for a Class A hard road through plaintiff's land in Union District of Wayne County. The declaration avers that the consideration in the deed was that defendant would, with due and proper diligence, construct such road, but has failed to do so; that it has accepted the deed, recorded it, graded a road on the right of way, opened it up to the public which now travels over it, but has failed and refused to hard surface the road through plaintiff's lands as agreed; that the reasonable costs and expenses of hard surfacing the road will be $5,000; and by reason of all of which he has been damaged $5000, and therefore he sues. The specification of damage which the court struck out reiterates what is contained in the declaration, and says that defendant's reasonable costs and expenses in hard surfacing the road would be $5000, and that plaintiff by reason thereof is damaged $5000.

The court has certified four questions, which it, or the parties, conceive to have arisen upon the question of the sufficiency of a pleading. They are in substance as follows: 1. Whether defendant had a legal right to contract that it would built a Class A hard road through plaintiff's land as consideration for a conveyance of right of way. 2. If the allegations of the declaration be true, shall defendant pay plaintiff such sum of money as would be the reasonable cost of building a hard surface on the road? Upon the motion to strike the specification of damages, questions 3 and 4 are propounded substantially as follows: 3. Is defendant liable to plaintiff in a sum equal to the reasonable cost and expense of hard surfacing the road through plaintiff's farm? 4.

Whether plaintiff's damages must be limited to the value of the lands taken under the deed and damages, if any, to the residue of the farm, less any peculiar benefit to plaintiffs farm caused by the construction of the road, in the same manner as if defendant had entered upon the land and appropriated it for a road without any contract of any kind.

Under section 1 of chapter 135, Code, authorizing causes to be certified to this court, questions arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading (in any case within the appellate jurisdiction of this court) can be certified. What have we here? It can not be doubted that the action of the court on the challenge to the sufficiency of the declaration may be certified. The declaration is a pleading, and the demurrer is a challenge to it. The specification of damages, however, is not a pleading. It is a bill of particulars and is no part of the declaration. *Chesapeake & Ohio Ry. Co.* v. *Stock & Sons,* 104 Va. 97, 51 S. E. 161; *Robinson* v. *Board,* 70 W. Va. 66, 73 S. E. 337. The office of a bill of particulars is not to set forth matters of evidence, but to inform the opposite party of the nature of the cause of action which is not plainly set forth in the pleadings. *Clarke* v. *Ohio River R. Co.,* 39 W. Va. 732, 20 S. E. 696. "Generally the granting or refusing of a motion for a bill of particulars is in the sound discretion of the court." 14 R. C. L. page 190, §36; *Driver* v. *Southern Ry. Co.,* 103 Va. 650, 49 S. E. 1000; *State* v. *Counts,* 90 W. Va. 338, 110 S. E. 812. The questions here certified (with the exception of the sufficiency of the declaration) relate to the measure of damages to which the plaintiff is entitled, if any. We have no jurisdiction to pass upon such questions by this procedure, *Tyler* v. *Wetzel,* 85 W. Va. 378, 101 S. E. 726; *State* v. *Tomlin,* 86 W. Va. 300, 103 S. E. 110; and having no such jurisdiction, the sole question is the one raised by defendant's demurrer, i. e., does the declaration state a cause of action?

The declaration alleges that the consideration for plaintiff's conveyance of a right of way through his farm to defendant, was the promise of the latter to construct thereon a "Class A hard road," and that that undertaking has not been fully performed.

It should be stated that subsequent to the passage of the road law of 1917, a Class A road has had a well defined meaning in this state. The Legislature in its session of that year enacted certain statutes which had for their purpose the construction of a general system of state and county roads. By certain of these roads, parts of the state highway system, all of the county seats of the state were to be connected. It was provided that certain financial aid was to be furnished by the state, and the roads were to be constructed by the county courts under the supervision of the state road commission. These connecting highways were designated Class A roads. Though a condition precedent to the securing of state aid was that the location and composition of a Class A road should be approved by the state road commission, the power of a county court to contract for the acquisition of rights of way for, and for the construction of a Class A road in its county, under the law of 1917, can not be doubted. See secs. 21-24, ch. 66, Acts 1917. The question here then is whether the provisions of plaintiff's deed imposed a legal and enforceable obligation on defendant.

Ordinarily, the consideration for lands purchased by county courts for roads is payable in money, and it has been several times held by this court that a land owner can be compelled to accept nothing else. *Railroad Co.* v. *Halstead,* 7 W. Va. 301; *Herron* v. *Carson,* 26 W. Va. 62. The question here, however, is whether the county court and owner may agree upon a consideration other than money, that is, the construction of a Class A hard road by the county. The argument to be urged against such a proposition is, that there being no statutory provision expressly warranting such a transaction, and a county court's jurisdiction being exclusively of Constitutional and statutory creation, the agreement on the part of the defendant is ultra vires and void. The basis of this position, that a county court's acts must be authorized by the Constitution or by statute, must be at once conceded. *Goshorn* v. *County Court,* 42 W. Va. 735, 26 S. E. 452. It remains then to determine whether the present transaction can be founded on such authority, as the law existed at the date of the deed in question.

We accept as correct so much of the argument as states

that there is no express statutory authority warranting the present transaction. If authorized at all, the power must be deduced from those more general acts affecting the powers and duties of county courts respecting the establishment of roads. All of these, we believe, are found in chapters 39, 42, and 43 of Barnes' Code, 1918. These are the chapters entitled "County Courts," "Condemnation Proceedings," and "Public Highways," respectively.

Section 1 of chapter 39 provides that the county court of each county shall be a corporation, and that in its corporate name it may sue and may be sued, plead and be impleaded, contract and be contracted with.

Section 9 defines the jurisdiction and powers of county courts, and, among other things, this section prescribes that county courts "shall also, under such regulations as now are or may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties, including the establishment and regulation of roads, ways, bridges, public landings, ferries and mills, with authority to lay and disburse the county levies."

Chapter 42, providing that no private property shall be taken or damaged for public use, until just compensation shall be paid or secured to be paid to the owner, prescribes the procedure for the condemnation of lands for county roads and other purposes.

Section 21 of chapter 43 outlines the method to be pursued by county courts in locating inter-county roads under the supervision of the state road commission, and provides that county courts may exercise the right of eminent domain for the condemnation of rights of way in accordance with the law governing the location, changes and relocation of other roads. Section 77, relative to the application by interested persons to the county courts for the establishment of a public road, provides that in case the compensation to the land owner *be not fixed by agreement,* the county court may institute condemnation proceedings according to the provisions of chapter 42.

These sections and others of similar character necessarily imply that a county court has the authority to acquire lands

and rights of way for public roads, if necessary, by condemnation; if not necessary, by private contract.

None of these sections expressly authorize a county court to make compensation for a right of way in any other manner than by the payment of money; but in the exercise of the wide discretion granted, can we say that the transaction here considered would be precluded? The rule has been laid down that a county court's authority is sometimes conferred by intendment as well as by express language; that though the statute omits to mention a particular power, such additional authority as may be necessary and reasonable for the accomplishment of a purpose expressed is clearly to be implied. *Keatley* v. *County Court,* 70 W. Va. 267, 73 S. E. 706, Ann. Cas. 1913-E, 523. In that case the statute involved merely empowered a county court to acquire lands for the erection of certain county buildings, and to dispose of the properties formerly used; but this court held that authority was necessarily implied to dispose of surplus ground purchased for the new structures, in case it developed that an unnecessary quantity had been acquired. This, to our minds, is the correct view of the discretionary power which is lodged in county courts for the performance of such general duties as the acquisition of lands for public purposes. The county court, by the express language of the statute, has the general superintendence and administration of the internal fiscal affairs of the county, including the establishment and regulation of roads. Why should it any more than an individual or other corporate body be limited to effecting purchases on a monetary basis? Perhaps in this and other instances an agreement to exchange a service for a right of way would be more advantageous to all parties. We hold that the defendant was within its powers necessarily implied by statutory intendment, and that the obligation of the deed upon the defendant is a valid and subsisting one, the breach of which, must, on the facts alleged, subject it to an action for damages.

Whether the damages set forth in the specification be the correct measure thereof, we are, as we have stated, without jurisdiction to say in this proceeding.

We affirm the ruling of the circuit court in overruling the

demurrer, and do not pass upon its ruling respecting the specification of damages.

*Ruling affirmed in part.*