J. W. Keener *v.* Bank of Gassaway

(No. 7770)

Submitted March 6, 1934. Decided March 27, 1934.

*Fred L. Fox, John H. Fox* and *Hines, Hall & Hines,* for plaintiff in error.

*G. B. Armstrong, W. S. Wysong, Steptoe & Johnson, James M. Guiher* and *W. Ervin Miller,* for defendant in error.

LITZ, JUDGE:

This is an action against the drawee bank on an unaccepted check allegedly payable out of a special fund.

October 9, 1929, C. E. Carr executed and delivered to plaintiff, J. W. Keener, his check drawn on defendant, Bank of Gassaway, and payable to the order of Keener in the sum of $3,029.77 for twenty-three cattle sold and delivered by the payee to the maker. This check, according to the testimony of Keener, was left with defendant bank the following morning with the understanding that it would be paid out of the first funds thereafter deposited by Carr. On the afternoon of the same day Carr deposited in the bank two checks, aggregating $9,123.20, which he had received from Cletus Stout for cattle sold and delivered by him to Stout, including the cattle he had purchased of Keener.

Plaintiff avers, as the basis of the action, that the bank agreed with Carr, at the time of the deposit, to apply the fund to the payment of his check to Keener and three other checks he had given to other persons for cattle. The proof, which is confined to the issue raised by a denial of this allegation, follows: The deposit was sufficient to pay the four checks, and an overdraft of Carr amounting to $139.17. The bank

paid all of them except the one to Keener, and, refusing to honor it, applied the remainder of the deposit to undue notes it had theretofore discounted for Carr. (One of the notes for $282.50 was probably due). Carr testified, substantially, that the deposit was accepted by N. B. Hamric, assistant cashier, in temporary charge of the bank, to pay the four checks. Plaintiff, whose hearing is defective, says he was in the lobby of the bank at the time, conversing with E. P. Sivert, and heard Carr tell Hamric he had some cattle checks for deposit, but did not distinctly understand the ensuing conversation between them; that Carr, immediately turning to him, in the presence of Hamric, said, "I have put your money in here for your cattle. You can get it any time you want it"; Keener further testifies that Hamric promptly confirmed to him the statement of Carr and agreed to credit the proceeds of the $3,029.77 check, as a time deposit, to himself, his son, Blaine (who was present), and his grand-daughter; that on being informed the following day by letter from J. V. Fisher, cashier of the bank, that the check had been dishonored, he, accompanied by Blaine and Carr, went to the bank where Hamric admitted to them that Carr, at the time of the deposit, had directed that it be applied to the payment of the four checks executed by Carr. Blaine and Carr corroborate plaintiff. Hamric, Sivert (who was partially deaf) and C. R. Walker (bookkeeper for defendant) deny that Carr directed the application of the deposit. Hamric also denies the alleged statements by him to plaintiff, but admits telling J. H. Barr that Carr had directed certain checks to be paid out of the deposit.

Propositions relied on for reversal follow: (1) the drawee bank is not liable on an unaccepted check; (2) plaintiff, if entitled to relief, must sue in equity; (3) the evidence does not support the verdict; (4) the jury was improperly instructed at the instance of plaintiff; (5) instructions requested by defendant were erroneously refused; (6) evidence that the checks deposited by Carr were in part for the cattle purchased by him from Keener and re-sold to Stout was inadmissible; (7) evidence adduced by defendant, tending to establish justification for the application of general deposits of Carr to the notes, was improperly limited to the issue of

whether the deposit under consideration was accepted by the bank for the specific purpose of paying his outstanding checks.

The Negotiable Instruments Law (Code 1931, 46-16-6), providing that "a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank and the bank is not liable to the holder, unless and until it accepts or certifies the check", does not apply to the facts in this case. According to the evidence for plaintiff, the bank received the deposit from Carr virtually as agent of Keener. Not only did defendant agree with Keener, at the time he deposited the $3,029.77 check for collection, to pay it out of the first funds deposited by Carr, but the alleged confirmation by Hamric of the statement by Carr to Keener, immediately after the deposit by Carr, "I have put the money in here for your cattle", was in reality a part of the same transaction. "By its acceptance of a special deposit, a bank impliedly binds itself not to set off against it, a debt due it from the depositor." *Lutz* v. *Williams,* 79 W. Va. 609, 91 S. E. 460, L. R. A. 1918A, 76. "And a bank receiving a deposit with notice that it is made to meet outstanding checks may not charge the depositor's account with a debt due it from him. It cannot thus defeat the claim of the payee of the checks." 5 Michie on Banks and Banking, p. 249.

As plaintiff alone was, at the time of instituting the action, interested in establishing the deposit as a special fund, why the necessity of a suit in chancery? Assumpsit is an equitable action maintainable ordinarily in any case involving the withholding of money by defendant to which plaintiff is entitled. "The action of assumpsit, under the count for money had and received, is an equitable action, and applicable to almost every case where money has been received by one, which, in justice and conscience, ought to be refunded." *Jackson* v. *Hough,* 38 W. Va. 236, 18 S. E. 575; *Hughes* v. *Frum,* 41 W. Va. 445, 23 S. E. 604; *Burke* v. *Nutter,* 79 W. Va. 743, 91 S. E. 812.

It is insisted with much emphasis that plaintiff's instruction No. 1 is erroneous in telling the jury that while the burden of proof is upon him to establish his claim by a preponderance of the evidence, "yet any preponderance, *however slight it may be,* is sufficient to warrant a verdict for the

plaintiff, if the jury believe, from all the evidence introduced in the case, that such preponderance'' in his favor exists. The argument seems to be that the jury are incapable of splitting hairs and that the instruction was therefore confusing and misleading. A similar instruction was approved in *McCullough* v. *Clark*, 88 W. Va. 22, 44, 106 S. E. 61; and whether it involves an impractical refinement or not, it certainly is not cause for reversal.

Defendant also complains that the trial court improperly refused an instruction requested by it, which would have told the jury that the check from Carr to Keener did not, of itself, operate as an assignment to the payee of any fund in the bank to the credit of the drawer, and that the bank was not liable to Keener unless it appeared from a preponderance of the evidence that the check was accepted or certified by the bank or that Carr had deposited a sufficient sum to pay the check with direction to the bank that it be so applied. The instruction was refused because it involved abstract questions, the only issue presented by the evidence or the instructions granted being whether the deposit was for a specific purpose. Defendant says that the instruction should have been given because it was entitled to a more favorable instruction on the issue involved than the one granted at its instance. The answer to this argument is that the defendant should have requested the more favorable instruction to which it now contends it was entitled.

The evidence that the checks deposited by Carr were in part for the cattle he had purchased from Keener and re-sold to Stout was not only pertinent to the issue, whether the deposit had been made for a specific purpose, but inherently substantious of plaintiff's right to recover.

The evidence relied upon by defendant to show its alleged previous authority from Carr to charge the notes to his subsequent deposits can not be relied upon if it accepted the particular deposit from him for the purpose of paying his outstanding checks. It was therefore proper to limit this evidence to the special deposit theory.

We are unable, after thoroughly considering the record and arguments, to discover other points of error meriting discussion. The judgment is therefore affirmed.

*Affirmed.*