## Hunt-Forbes Construction Co. v. City of Ashland.
(Decided June 12, 1936.)

STROTHER HYNES for appellant.

PORTER M. GRAY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming in part and reversing in part.

The city of Ashland had certain street and sewer improvements made, and apportioned the cost and assessed it against the abutting property.

Many property owners refused to pay the assessments because there was, as they claimed, improper items included therein. The matter reached this court and in Hicks et ux. v. City of Ashland et al., 254 Ky. 397, 71 S. W. (2d) 988, a new apportionment was ordered and certain items were directed to be excluded from the assessment against the abutting property.

The Hunt-Forbes Construction Company, a partnership composed of George Hunt and others, had done this work and they set out in a cross-petition certain items they alleged were due them from the city of Ashland.

All of these items appear to have been amicably adjusted except two, and from the refusal of the court to allow them against the city of Ashland, Hunt-Forbes Construction Company composed as aforesaid have appealed. These items they had elaborately set out in their cross-petition in paragraphs II and III, to which demurrers were sustained.

### Claim for Interest.

The amount of this work properly chargeable to the abutting property was $27,697.79. One provision of the statute (section 3096) is:

358

"There shall be a lien upon such lots or parcels of real estate, for the part of the cost of such improvement so assessed thereon, and the same shall bear interest at the rate of six per cent. per annum from the time of the assessment until paid."

The work was completed and the cost was attempted to be apportioned and assessed on November 20, 1928, and if this apportionment and assessment had then been properly made the Hunt-Forbes Construction Company would have received interest on this $27,697.79 from November 20, 1928, but the city failed to make then a proper apportionment and assessment and did not make such until May 21, 1933, thus causing the Hunt-Forbes Construction Company to lose the interest on $27,697.79 for 4 years, 6 months, and 1 day, which is $7,483.02, for which they made claim against the city in this paragraph II. The court erred when it failed to allow this claim against the city. Interest was plainly due these contractors under the above-quoted provision of the statute. The city should have then made proper apportionment of the cost of this work and, by proper assessment, provided for its payment. The work had been completed and accepted on November 20, 1928, the contractors could not make this apportionment and assessment, and they should not be compelled to lose this interest by the failure of the city to do its duty. We have not overlooked the cases of Gosnell v. City of Louisville, 104 Ky. 201, 46 S. W. 722, 20 Ky. Law Rep. 519; City of Louisville v. Selvage, 106 Ky. 730, 51 S. W. 447, 52 S. W. 809, 21 Ky. Law Rep. 349, and City of Louisville v. Selvage, 70 S. W. 276, 24 Ky. Law Rep. 947. Those cases are distinguishable from this one. To fully understand those opinions the reader should first read the opinions in Gosnell v. City of Louisville, 14 Ky. Law Rep. 719, and Fehler v. Gosnell, 99 Ky. 380, 35 S. W. 1125, 18 Ky. Law Rep. 238.

In those cases, the ordinances calling for the work had not only required the contractor to construct the street, but to keep the street in repair for five years. In those cases just as in this one the city endeavored to shift a part of its burden onto the owners of the abutting property. In those cases the city endeavored by the means there adopted to impose upon the abutting property the burden of keeping the street in repair for five years. Here the city endeavored to shift the cost of ab-

stracting, inspecting, etc. In those cases the contractors knew in advance, from the ordinances ordering the work, of the illegal imposition proposed, whereas these contractors did not. That caused the court to say in Gosnell v. City of Louisville, 104 Ky. 201, 46 S. W. 722, 723, 20 Ky. Law Rep. 519:

> "Nor should interest upon the whole amount of the contract price be allowed against the city, for, while the rule may seem harsh, the contractor must be assumed to have entered into the contract with his eyes open as to its provisions and their enforceability."

Such a reason not existing in this case, this claim of interest against the city should be allowed. See City of Providence v. Southern Roads Company, 244 Ky. 326, 50 S. W. (2d) 931; City of Covington v. McKenna, 242 Ky. 452, 46 S. W. (2d) 760; City of Louisville v. Henderson's Trustee, 13 S. W. 111, 11 Ky. Law Rep. 796, and City of Ashland v. Hunt-Forbes Construction Co., 264 Ky. 138, 94 S. W. (2d) 314; also 44 C. J. 406, sec. 2608 and p. 407 sec. 2609.

In City of Louisville v. Bitzer, 115 Ky. 359, 73 S. W. 1115, 1117, 24 Ky. Law Rep. 2263, 61 L. R. A. 434, in affirming a charge against the city of certain work it had ordered done and was unable to charge to the property owners, we said:

> "If the rule is that only the property owner is to be looked to, and that the contractor will get no pay for his work where the city had no authority to contract for the improvement at his cost, then the contractor, in undertaking the work and fixing the price, must take this uncertainty into consideration, and add to the price he would otherwise charge a sum sufficient to cover the risk of nonpayment of the claim. An additional burden will therefore be laid upon the property owner, for in case he is held liable he will have to pay not only the fair cost of the improvement, but an additional sum to cover the risk of the contract."

That same reasoning applies here, and if these contractors are forced to lose this interest because the city of Ashland failed when the work was completed to make a proper apportionment and assessment the result will

be that in bidding on such public work in the future, contractors will make their bids high enough to cover not only the cost of the work, but also the risk of loss resulting from failure of the city when the work is completed and accepted to make then a proper apportionment of the cost and assess same properly against the abutting property, because of facts not disclosed by the ordinance ordering the work and of which the contractor had no advance notice. The result would be to impose upon the abutting property the cost of the improvement enhanced by such sum as the contractors would deem was necessary to cover this risk.

This is an extraordinary statute and empowers a city to build its streets at the cost of the owners of the abutting property.

Often the burden thus thrust upon such owners is quite onerous and a city which has the power to impose such a burden willy-nilly, should not be allowed to add to that burden directly or indirectly, presently or remotely, and such addition would as we have shown surely follow if the contractor be not assured that when he completes his work he will get his money, and if from the fault of the city he does not get it then that the city, whose acts prevent his getting it then, will be liable to him for the interest upon it for the time he is by its acts prevented from getting it.

### Penalties Claimed.

Another provision of section 3096, is:
"Any such tax which is not paid within thirty days after the same becomes due, shall have added thereto a penalty of ten per cent of the amount of the tax."

The Hunt-Forbes Construction Company alleged that under the corrected assessments made in 1933 the owners of property assessed in the aggregate for $19,515 either paid in cash or accepted the bond plan, thus preventing the contractors from collecting the penalty thereon, and for this $1,951.50 they made claim against the city in their paragraph III. We are unable to find any merit in this claim, and the demurrer to it was properly sustained.

Judgment reversed in part, and affirmed in part.