*State Ex Rel.* CHARLES HODGES *v.* BROOKS S.
HUTCHINSON *et al.*

(No. 8683)

Submitted May 11, 1938.   Decided May 17, 1938.

*Showalter & Boggess,* for plaintiffs in error.

MAXWELL, PRESIDENT:

The defendants prosecute this writ of error to a judgment of the circuit court of Marion County, jury having been waived.

The action is on a bond in the penal sum of $500.00.

The background is this:   Early in 1935, Charles Hodges, having obtained before a justice of the peace judgments against Hugheston Gas Coal Corporation in the aggregate of $1,545.00, caused executions to be issued and levied on certain office furniture as the property of the judgment debtor.   Thereupon, Brooks S. Hutchinson and Gohen C. Arnold, committee for stockholders of certain coal corporations, filed claim to the property so levied upon, asserting that it was owned by their principals.   On full hearing, the justice of the peace before whom the interpleader was instituted decided against the claimants, who then prosecuted an appeal to the circuit

court where there was verdict and judgment against them. In order to obtain the appeal from the justice to the circuit court, it was required of the claimants that they execute bond in the penalty of $500.00. This they did with Fidelity & Deposit Company of Maryland as surety. The bond was conditioned that Arnold and Hutchinson should perform and satisfy any judgment which might be rendered against them by the circuit court on the appeal, and that they should have forthcoming, to satisfy any judgment on the appeal, the office furniture whereon levy had been made under the executions of Hodges, and which property was claimed by Hutchinson and Arnold. That is the bond in suit.

The plaintiff avers that though the circuit court, on the appeal, rendered judgment against the claimants on their claim to the property, they thereafter wholly failed and refused, in compliance with the bond, to have the property forthcoming in order that it might be subjected to the liens of the plaintiff's executions. Concededly, the property was not so forthcoming, but Hutchinson and Arnold seek to justify their non-production of the property by showing that production was prevented through operation of law. What had happened was that following the termination in the circuit court of the appeal on the interpleader, Rayland Corporation, through Brooks S. Hutchinson, agent, caused a distress warrant to be issued by a justice of the peace and levied on the same property for office rent alleged to be due the distrainor from Hugheston Gas Coal Corporation. Under the distress warrant the property was sold, the plaintiff herein becoming the purchaser.

To the contention of Hutchinson and Arnold that process of law having made it impossible for them to produce the property as stipulated in the bond they are *ex necessitate* relieved from the penal effect thereof, the plaintiff rejoins that "the defendants cannot defeat and satisfy the conditions of the bond by instituting a court proceeding and bringing about a sale of the property in

question under another writ, inasmuch as the bond is an absolute and binding obligation."

The fact that the distrainor was an interlocking corporation, represented in the distress proceeding by Brooks S. Hutchinson as its agent, has no bearing on the legal proposition here involved, there being neither allegation nor proof of fraud.

Under the statute authorizing distress for rent if an outside lien attach to the property while on the leased premises, the property shall nevertheless be liable to distress, "but for not more than one year's rent, whether it shall have accrued before or after the creation of the lien." Code, 37-6-13. Under this clear statutory language it is obvious that at bar the landlord's lien for rent took precedence over the plaintiff's execution liens. *Anderson* v. *Henry*, 45 W. Va. 319. The distraining officer therefore had full right to take charge of the property and sell it under the distress warrant, regardless of the execution liens. Thus, the law functioned.

The forthcoming bond did not require Hutchinson and Arnold to do an impossible thing. True, the bond obligated them to have the property forthcoming if their claim of ownership were subsequently adjudicated against them, but their obligation was not a guaranty that the property would not become subject to a paramount, lawful lien. Contracts must be deemed to be made in subjugation to overshadowing requirements of law.

Many cases sustain the proposition that the duty imposed by a bond for the forthcoming of property is not essentially inflexible, but that it may be obviated by the operation of a superior lien or the exercise of judicial authority. For example: "Where a forthcoming bond is given for the delivery of property levied upon by virtue of an execution, the failure to deliver such property on the day of sale will not cause a forfeiture of such bond, if before that day an injunction is obtained and is then in force against the enforcement of the said execution." *Hull* v. *Bloss*, 27 W. Va. 654. Consult: *Floyd*

v. *Cook,* 118 Ga. 526, 45 S. E. 441, 63 L. R. A. 450; 9 Corpus Juris, p. 74; 8 American Jurisprudence, p. 732, sec. 63.

On principle and authority we are of opinion that there was no actionable breach of the bond in suit, and consequently, the plaintiff is without basis herein for judgment against the defendants. Therefore, we reverse the judgment of the circuit court and render judgment here for the defendants. *McKown* v. *Citizens State Bank,* 91 W. Va. 716, 114 S. E. 271.

*Reversed and rendered.*