A. Page Lockard

*v.*

City of Salem, *etc.*

(No. 9840)

Submitted April 22, 1947.  Decided June 10, 1947

*Robinson* and *Stump*, and *John S. Stump, Jr.*, for plaintiff in error.

*Maxwell & Young* and *Haymond Maxwell*, for defendant in error.

LOVINS, JUDGE:

The Circuit Court of Harrison County, a jury having been waived, found for plaintiff, A. Page Lockard, in the principal sum of $3,287.36, and entered judgment that plaintiff recover from defendant, City of Salem, said principal sum with interest thereon from the date this action was instituted, amounting to $657.46, and that plaintiff recover all costs incurred in the trial court.

This case was formerly before this Court on writ of error. *Lockard* v. *Salem*, 127 W. Va. 237, 32 S. E. 2d 568. It was there held that the contract between plaintiff and defendant was void and that plaintiff could not recover future profits, of which he was allegedly deprived by reason of the breach of said contract. But it was further reasoned that plaintiff should be allowed a recovery under the common counts in his declaration. The facts out of which this litigation arose are stated in the opinion of this Court in *Lockard* v. *Salem, supra,* and will not be restated here, except so far as may be necessary to present the questions arising on this writ of error.

On the first trial plaintiff filed a bill of particulars. By this he set forth a demand consisting of four items: $2,524.39 for money expended by him for labor, materials and water rights for use in the water system of defendant and installed by plaintiff pursuant to the purported contract; (2) $255.15, money expended by him for purchase of materials and supplies for installation in the water plant; (3) $2,000.00 for services rendered by him in the management and operation of the water plant; and (4) $25,000.00 for reasonable profits under said contract, of which he had been deprived by reason of the alleged breach thereof. The items of $2,524.39 and $255.15 were itemized by appendices to the bill of particulars. The aggregate claim of plaintiff on the first trial, as set forth in his bill of particulars and the appendices thereto, was $29,779.54.

Defendant filed an offset, aggregating $9,704.05, consisting of ten items, being the monthly collections made by plaintiff for water service furnished to various persons during the time he operated defendant's water plant. Plaintiff filed an itemized counter-offset in the amount of $8,705.00 for the cost of operating the water plant for the ten months said plant was in his possession. Defendant on the first trial also filed a plea of the general issue, denying the promises alleged by plaintiff in his declaration.

The first trial resulted in a verdict and judgment for plaintiff in the sum of $12,006.99. The judgment of the trial court was reversed, the verdict set aside, and the case remanded by this Court on the first writ of error, and, as stated above, the item of $25,000.00 was then eliminated by the holding of this Court. *Lockard* v. *Salem, supra.*

When upon remand his case came on for trial in the Circuit Court of Harrison County, plaintiff filed an amended bill of particulars, from which the item for future profits was eliminated and certain credits were given to defendant. In this amended bill of particulars plaintiff claimed a balance of $3,287.36 due on the principal, as well as in-

terest from June 29, 1942, the date of demand for payment, to May 29, 1945, amounting to $475.28. Plaintiff incorporated three items in his counter-offset which are also included in his amended bill of particulars: (a) A charge of $655.75 which was later reduced by the court, without objection by plaintiff, to $555.75, said amount being attorneys' fees and expenses paid and incurred by plaintiff in a proceeding before the Public Service Commission, in which McBride, et al., were complainants and A. Page Lockard and the City of Salem, plaintiff and defendant herein, were defendants; (b) a charge of $125.25, representing interest on money borrowed by plaintiff and expended by him in the purchase of materials and in the operation of the water plant of the defendant. In accordance with a stipulation of the parties, the trial court acted in lieu of a jury, and found for plaintiff in the principal sum of $3,287.36, entered judgment on that finding for the amount thereof, adjudged that plaintiff recover interest thereon from the date this action was instituted, amounting to the sum of $657.46, and that plaintiff recover costs incurred by him in the two trials had in the Circuit Court of Harrison County.

Defendant challenges the finding and judgment on the ground that the court erred: (1) In finding for plaintiff the sum of $555.75, being the balance of the legal expenses claimed in plaintiff's counter-offset; (2) in finding that plaintiff recover the sum of $125.25, interest on the money expended by him in the purchase of materials and operation of the plant; (3) in adjudging a recovery of interest on the principal amount found in favor of the plaintiff from the date of the institution of the suit to the date of judgment; and (4) that it was an abuse of judicial discretion to award plaintiff costs incurred in the trial court. Plaintiff makes a cross-assignment of error, contending that the trial court erred in allowing interest from the date of institution of the action instead of from the date of demand of payment made by plaintiff.

On the threshold of this inquiry we are confronted by the opinion of this Court in *Lockard* v. *Salem, supra.,*

which we think establishes the law of the case on the questions here presented. The following pertinent language is quoted from the opinion:

"It would be decidedly inequitable for the defendant to accept the benefit of plaintiff's expenditures of money and services without any compensation therefor in view of the fact, as this record discloses, defendant itself, through its own inaction and lack of diligence, was partly responsible for plaintiff's failure to obtain the consent and approval of the Public Service Commission to the lease in question. Evidently prompted by a commendable desire that plaintiff suffer no injustice, defendant, both in the trial court and on this writ of error, admitted liability for the expenditures made by plaintiff in improving the water system. In view of the fact that plaintiff during the ten months period made substantial expenditures of money and rendered services in the improvement and operation of the system, and defendant made no denial of the existence of a valid lease, we think defendant [plaintiff] should be allowed to recover, under the common counts, the money actually expended by him in improving and operating prudently the water system, together with the reasonable value of any services which he may have rendered in such improvement and operation, less any net profits which the plaintiff might have derived from the operation of said water system. The nature of quasi assumpsit historically is of equitable origin. It lies on an implied promise to pay what *ex aequo et bono* is due. *Garber's Admr.* v. *Armentrout,* 32 Gratt. (73 Va.) 235; *Abell* v. *Penn Mutual Life Insurance Co., Inc.,* 18 W. Va. 440; *Lynch* v. *Merchants National Bank of West Virginia,* 22 W. Va. 554; *Keener* v. *Bank of Gassaway,* 114 W. Va. 780, 173 S. E. 884. And the equities here are with the plaintiff. In view of the defendant's position during the ten months of the operation of the water system it cannot be heard to say now, nor has it attempted to do so, that the plaintiff cannot be made whole under the common counts because he is in the inconsistent positions of asserting what he contends to be a valid contract under the

special count and no contract, except such as the law implies, under the common counts."

The Court is mindful of the conduct of the defendant with reference to obtaining the Public Service Commission's approval of the lease and franchise executed by plaintiff and defendant. The Court also bears in mind that plaintiff ceased to operate the water plant and, in effect, surrendered the same to defendant. While the proceedings were pending before the Public Service Commission, prior to the time plaintiff ceased to operate the water plant, he had participated in the proceedings before the Public Service Commission for the purpose of obtaining the approval of that body so as to give the lease and franchise legal effect. When plaintiff ceased to operate the water plant and abandoned the contract, he then rendered useless all proceedings theretofore had and rendered further proceedings nugatory. The futility of further proceedings before the Public Service Commission to obtain the approval of the lease and franchise is clear, plaintiff having abandoned performance of his contract.

An implied contract arises from the principle of equity that one person may not enrich himself unjustly at the expense of another. *Development Co.* v. *Howell,* 101 W. Va. 748, 133 S. E. 699. It is difficult for the Court to see in what manner the expenditures made by plaintiff for counsel fees and other expenses of the proceedings before the Public Service Commission added anything to defendant's water plant or other property. Indeed, it cannot be said that defendant, City of Salem, derived any benefit whatsoever from the expenditures made by plaintiff in the proceedings before the Public Service Commission.

The portion of the opinion of this Court in *Lockard* v. *Salem, supra,* above quoted, restricts recovery under the common counts of the declaration to money expended by plaintiff in improving and operating the water system and the value of the services rendered by plaintiff in such improvement and operation, less net profits which may have

accrued to him. The pertinent part of the opinion of this Court being the law of the case, is controlling, regardless of the other reasons mentioned above. For the reasons above stated the Court finds it was error to allow the sum of $555.75, the balance claimed by plaintiff as reimbursement for money paid by him for counsel fees and expenses in obtaining witnesses.

Plaintiff expended money for materials used in defendant's water plant and also in the operation thereof. The money was borrowed by plaintiff, and on it he paid interest. The interest on the money for the above expenditures is a legitimate charge in the operation and maintenance of defendant's water plant and comes within the holding of this Court with reference to the right of plaintiff to recover. Had he invested money without borrowing it, certainly he would have been entitled to charge interest for the use of his own money expended in and about improving and operating defendant's water plant. Interest may be implied in the absence of an express contract. *Bennett v. Coal and Coke Co.,* 70 W. Va. 456, 74 S. E. 418.

Defendant contends that the item of $125.25 was stricken from the consideration of the jury on the first trial, and that the claim for this item cannot be reasserted by plaintiff in the second trial. We do not think that this position is tenable. The verdict and judgment on the first trial in the Circuit Court of Harrison County was, by the decision of this Court, set aside and vacated and a new trial awarded defendant. We know of no rule depriving a trial court of the right to reconsider and change its ruling made on the first trial, if the second ruling is proper. In this case there was an implied contract to pay plaintiff interest for the use of money either borrowed or otherwise, and therefore there was no error in the finding of the trial court allowing plaintiff a recovery of $125.25 representing such interest.

It is a general rule that a creditor has no right to recover interest from his debtor on an unliquidated claim. *Lumber Co. v. Neill,* 77 W. Va. 470, 87 S. E. 855. The reason

for this rule is well stated in the following language: "Interest is denied when the demand is unliquidated for the reason that the person liable does not know what sum he owed, and therefore cannot be in default for not paying." 1 Sutherland Damages, 4th ed., 1092. But where the amount of the debt is readily ascertainable by computation, interest is allowed, although the debt is unliquidated. *Bennett* v. *Coal and Coke Co., supra.* See *Gas Co., et al.* v. *Gas Co., et al.,* 84 W. Va. 449, 458, *et seq.,* 100 S. E. 296; and *Shaw* v. *Railway Co.,* 110 W. Va. 155, 157 S. E. 170. If the amount of a disputed debt has been judicially ascertained, interest may be allowed from the date of the finding. *In re Hawley's Estate,* 119 W. Va. 229, 234, 193 S. E. 54. The holdings of other courts support the rule that unless a claim is liquidated, or readily susceptible of ascertainment by computation, interest is not allowable until there is an ascertainment of the amount due. See *Excelsior Terra Cotta Co.* v. *Harde, et al.* (N. Y.), 73 N. E. 494; *Delafield* v. *Village of Westfield,* 58 N. Y. S. 277; *Pengra* v. *Wheeler* (Ore.), 34 P. 354; *Brady* v. *Wilcoxson,* 44 Cal. 239. It has also been held that if a demand is made by plaintiff for more than is due, plaintiff is not entitled to interest until the amount due is judicially ascertained. *Doyle's Admrs.* v. *St. James' Church,* 7 Wend. (N. Y.) 178. 1 Sutherland Damages, Fourth Ed., page 1106. See *John S. Metcalf* v. *Mayer,* 211 N. Y. S. 53. Where there are unliquidated cross demands, as here, and evidence is essential to establish the quantity and classification of the work, interest is not allowable prior to the time of judgment. *Brewster* v. *State* (Wash.), 16 P. 2d 813.

The amount due plaintiff here was unascertained, and to ascertain that amount required judicial consideration and determination. There is nothing in the record of this action on the first and second trials to indicate that plaintiff had a certain demand against defendant. Originally, plaintiff's action was based on defendant's breach of an alleged contract. On this theory plaintiff's several demands for damages were grouped together in a single demand amounting to $29,779.54. In holding that the al-

leged contract was void, this Court eliminated the . de-
mand for damage which was primarily predicated on the
contract, or the breach thereof, but specifically stated that
recovery could be had on the common counts. By such
action of this Court, plaintiff's demands were restricted
to those recoverable on a *quantum valebat* or *quantum*
*meruit* basis. Being thus restricted, plaintiff filed his
amended bill of particulars again grouping his several
demands into one, the principal of which totalled $3,287.36,
together with interest thereon from the date of the orig-
inal demand. But included in this amount was the item
of $555.75, which, as hereinbefore stated, is not recover-
able. Also included therein was an item for services ren-
dered amounting to $2,000.00, which, as will hereinafter
appear, we do not deem as having been liquidated until
the date of the finding by the trial court acting in lieu of a
jury.

We are asked to consider separately the item of $2,000.00
for services rendered by plaintiff as being a liquidated de-
mand on the ground that defendant did not contest the
amount thereof by means of evidence relating thereto.
We have found no authority, and have been cited none,
to support the contention that one or more items in a bill
of particulars may be treated as liquidated, while the re-
maining items are considered unliquidated. An applica-
tion of the principle contended for by plaintiff would, in
many instances, require a court and jury to consider each
item separately rather than to treat the balance claimed
as the matter in issue.

But even if we consider the item of $2,000.00 for services
rendered as a separate and independent claim, does the
failure of defendant to contest the amount of that item
operate as a matter of law as an admission, so that the
amount is liquidated? We think not. Recovery of this
item is on a *quantum meruit* basis, which is to say "as
much as he deserves." See 3 Bouvier's Law Dictionary,
Rawles' 3rd Revision 2777. We note that defendant filed a
plea of the general issue, denying all liability. Such a
plea, as to a claim on a *quantum meruit* basis, not only de-

·nies liability, but, of necessity, also traverses the amount which plaintiff deserves. Therefore, by so pleading defendant, in effect, put plaintiff to strict proof of such amount, and the same had to be judicially determined. Until such determination, interest is not recoverable. See *Fowler* v. *Gray* (Wash.), 251 P. 570, which is almost identical with the case at bar.

Defendant complains of the adjudication of costs incurred on the first and second trials of this case in the Circuit Court of Harrison County, contending that the trial judge abused his discretion. This is an action at law, and the award of costs herein is authorized and controlled by statute. In an action at law, costs are awarded to the party for whom final judgment is given. Code, 59-2-8. *Burdette* v. *Campbell*, 126 W. Va. 591, 598, 30 S. E. 2d 713. If final judgment is given for plaintiff, he is entitled to recover costs incurred in the trial court. As to costs incurred in this Court, defendant having substantially prevailed, is entitled to recover costs on this writ of error. Code, 59-2-11. *Burdette* v. *Campbell, supra.*

We have held that where, in an action at law, this Court reverses the judgment of the trial court and sets aside a jury verdict, a new trial will be awarded in all cases except where there is a demurrer to the evidence. *Koblegard Co.* v. *Maxwell*, 127 W. Va. 630, 34 S. E. 2d 116. But, in this case, the parties waived their right to a trial by jury and submitted the factual issues to the court in lieu of a jury. In such instances this Court will make such finding and render such judgment as the lower court should have done. *McKown* v. *Citizens State Bank*, 91 W. Va. 716, 114 S. E. 271; *Gas Co.* v. *Topping*, 115 W. Va. 364, 176 S. E. 424; *Hodges* v. *Hutchinson*, 120 W. Va. 181, 197 S. E. 359.

For the reasons stated the finding of the trial court, in so far as it allows a recovery of the item of $555.75, and interest on the entire amount from the date of the institution of this suit, is set aside, and the judgment rendered by the trial court thereon is reversed. But the finding of the trial court as corrected by omitting the two items last

above mentioned, is affirmed. Therefore, judgment is rendered by this Court for plaintiff in the amount of $2,-731.61, with interest thereon from the date of the finding of the trial court to June 10, 1947, amounting to $243.11, an aggregate of $2,974.72, together with costs incurred in the trial court. Defendant, having substantially prevailed in this Court, is awarded costs incurred on this writ of error.

*Reversed and rendered.*