299 S.E.2d 16

**CORTE COMPANY, INC., A West Virginia Corporation**

v.

**COUNTY COMMISSION OF McDOWELL COUNTY.**

**No. 15515.**

Supreme Court of Appeals of West Virginia.

Dec. 13, 1982.

Concurring Opinion Dec. 15, 1982.

406

Norris Kantor, Katz, Kantor, Katz, Perkins & Cameron, Bluefield, for appellant.

Wade T. Watson, Pros. Atty., Welch, for appellee.

McHUGH, Justice:

This action is before this Court upon an appeal by Corte Company, Inc., (hereinafter "Corte") from a judgment of the Circuit Court of McDowell County, West Virginia, entered on December 17, 1981, which overruled Corte's motion to alter or amend a previous judgment entered on November 23, 1981. Both judgments denied Corte prejudgment interest, on a contractual

debt, which it had sought to recover from the appellee, County Commission of McDowell County. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel.

On February 21, 1978, Corte entered into a contract with the County Commission of McDowell County (hereinafter "Commission"), to remodel the third floor of the McDowell County Correctional Facility in Welch. Following a slight modification of the original contract,[1] Corte completed the work in May, 1980,[2] leaving an unpaid balance of $32,555.75 owed to Corte.

On October 2, 1980, Corte filed an action in the Circuit Court of McDowell County seeking to recover the unpaid balance, plus $15,358.47 [3] interest. The Commission in its answer of October 31, 1981, admitted that it owed the unpaid balance. However, the balance was unpaid because the Commission had yet to receive the final monies due from the United States government, which funded the remodeling. Furthermore, the Commission denied owing any interest due to late payment.

Upon receiving the final payment from the federal government, the Commission, on December 19, 1980, paid Corte the principal amount of $32,555.75. However, the circuit court entered an order on November 23, 1981, holding as a matter of law that a county commission was not subject to the provisions of West Virginia's general interest statute, *W. Va. Code*, 56-6-27 [1931], and thus was not liable for interest on an amount due on a contract when the contract itself made no provision therefor. In that order the trial court further held that the Commission was not at fault concerning the efforts made by the Commission to ensure that the payment of the debt was made in a timely manner. Ultimately this Court must decide whether under the circumstances of this case the Commission

---

1. The original contract was for $258,000.00. The amount was later modified to $282,317.00.

2. The original contract called for a November 22, 1978, completion date. However, the completion date was extended to an unknown date.

3. The date from which the interest was calculated is unknown, but appears to be from November 22, 1978, the original completion as set forth in appellant's complaint. However, in his brief appellant refers to May, 1980, as the completion date.

will be liable for interest on the delayed final payment to Corte.

Corte asserts *W.Va.Code,* 56–6–27 [1931] should apply to county commissions as well as private litigants. That statute reads:

> The jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and in all cases they shall find the aggregate of principal and interest due at the time of the trial, after allowing all proper credits, payments and sets-off; and judgment shall be entered for such aggregate with interest from the date of the verdict.

Moreover, Corte asserts that the statute should be read in conjunction with the general rule as stated by this Court in syllabus point 1 of *Morton v. Godfrey L. Cabot, Inc.,* 134 W.Va. 55, 63 S.E.2d 861 (1949): "A past due debt, certain in amount, bears interest from the due date until paid."

To further support its argument, Corte cites syllabus point 1 in *Boggs v. Board of Education of Clay County,* 161 W.Va. 471, 244 S.E.2d 799 (1978)[4] which held that "[c]ounty commissions (formerly county courts) are not instrumentalities of the State of West Virginia such as to bring them within the constitutional immunity from suit of *W.Va.Const.,* art. 6, § 35." In so holding this Court allowed a tort action against the County Commission of Clay County.

Thus, Corte asserts that because a county commission is not immune from suit the Commission should be treated no differently than a private litigant in regard to the granting of prejudgment interest pursuant to *W.Va.Code,* 56–6–27 [1931].

The Commission contends that because the present action is founded upon a contract, instead of a tort, *Boggs, supra,* should not be controlling. However, it would be beneficial to our analysis to examine the recently decided *Ohio Valley Contractors v. Board of Education of Wetzel County,* 170 W.Va. 240, 293 S.E.2d 437 (1982). That case involved two separate actions, one a contract claim and the other a torts case, which were consolidated

upon appeal to this Court. In the syllabus of *Ohio Valley* we held that "[l]ocal boards of education do not have state constitutional immunity nor common law governmental immunity from suit." In so holding we did not distinguish between the action founded upon contract and the action founded upon a tort. Thus, if we have decided not to distinguish between the two types of actions when denying local boards of education immunity from suit, should we, as the Commission asserts, make such a distinction when deciding whether a county commission is immune from suit? We think not. Moreover, "county commissions have long been held liable for breach of contract when the contract was within the authority of contracting officers and was otherwise valid under general principles of contract law." *Gooden v. County Commission of Webster County,* 171 W.Va. 130 at 131, 298 S.E.2d 103 at 104 (1982). *See also Adkins v. Wayne County Court,* 94 W.Va. 460, 119 S.E. 284 (1923); *Corns-Thomas Engineering & Construction Company v. County Court of McDowell County,* 92 W.Va. 368, 115 S.E. 462 (1922).

*W.Va.Code,* 56–6–27 [1931], allows a jury to grant prejudgment interest "in any action founded on contract." Thus, if county commissions are not immune from suits founded upon contract then it can serve no legitimate purpose to permit those same county commissions not to be subject to the provisions of *W.Va.Code,* 56–6–27 [1931].

■ Pursuant to *W.Va.Code,* 56–6–27 [1931], a county commission may be liable, in an action founded on contract, for interest on the principal due, or any part thereof, at the time of trial, after allowing all proper credits, payments and sets off.

However, we have yet to discuss the "fault" aspect of the present action. While it does not appear that testimony was taken concerning the question of fault, it is asserted that the reason that the Commission did not pay the final $32,555.75 upon completion of the project was because it

---

**4.** *Boggs, supra,* has been overruled by *Ohio Valley Contractors v. Board of Education of Wetzel County,* discussed *infra,* to the extent that coun-

ty boards of education are no longer immune from suit.

had not yet received the federal funds which were used to finance the project. Once these funds were received from the federal government the Commission contends that it "promptly paid its debt." The Commission further contends that Corte knew the remodeling project was entirely funded by the federal government and was not to be paid from available county funds. Finally, the Commission asserts that it was known to Corte that any delay in the receipt of the federal funds would result in the temporary postponement of the final payment.

The concept of fault as it relates to the paying of interest on a contractual debt by a municipal corporation has been before this Court previously. In *Lockard v. City of Salem,* 130 W.Va. 287, 43 S.E.2d 239 (1947) (*See also Lockard v. City of Salem,* 127 W.Va. 237, 32 S.E.2d 568 (1944)) the defendant, City of Salem, leased to the plaintiff the City's municipal water system. Pursuant to the contract, the City was to facilitate the leasing process by helping the plaintiff obtain the consent and approval of the Public Service Commission.

However, difficulties arose in obtaining the Public Service Commission's approval, whereupon the plaintiff brought an action alleging breach of contract. This Court, without discussing *W.Va.Code,* 56-6-27 [1931], allowed the plaintiff to recover interest on the principal amount owed by the City only after discussing the issue of fault. This Court concluded that because the City of Salem "was partly responsible for plaintiff's failure to obtain the consent and approval of the Public Service Commission to the lease" plaintiff should be awarded interest. 130 W.Va. at 290–292, 43 S.E.2d at 241, quoting 127 W.Va. at 242–243, 32 S.E.2d at 572.

■ The concept of fault is not singularly characteristic of this State. It is a general rule that when a municipal corporation wrongfully receives, holds or diverts money or property to which it is not entitled it becomes liable for interest during the period in which the wrong is committed. *See e.g., City of Longview v. Longview Company,* 21 Wash.2d 248, 150 P.2d 395 (1944); *Hunt-Forbes Construction Co. v. City of*

*Ashland,* 265 Ky. 356, 96 S.W.2d 854 (1936); *Venezia v. Town of Fairfield,* 118 Conn. 325, 172 A. 90 (1934); *State v. City of Milwaukee,* 158 Wis. 564, 149 N.W. 579 (1914). *See generally* 56 Am.Jur.2d *Municipal Corporations, Counties, and other Political Subdivisions* §§ 836, 839–843 (1971); Annot., 24 A.L.R.2d 928, 972–974 (1952).

The majority of cases which have discussed the issue of wrongdoing or fault as it pertains to the paying of interest by a municipal corporation have done so in the context of the refusal by a municipality to release monies from licenses and fees collected by it for the benefit of other authorities, usually the state. For example, in *Board of Trustees of Police Pension Fund of Glen Ellyn v. Village of Glen Ellyn,* 337 Ill.App. 183, 85 N.E.2d 473 (1949) the Village of Glen Ellyn was required by statute to allocate a certain percentage of fees collected from various licenses and fines to a police pension fund. Instead of making such an allocation the Village used the proceeds for its own benefit. The Illinois court held that interest could be collected on the principal amount owed to the pension fund by the Village.

In *Koch v. County of Schuylkill,* 12 Pa.Super. 567 (1900), the district attorney of the county was authorized by statute to receive a certain amount of money from the county for each case he tried in court. The county, however, refused to pay that amount. The Pennsylvania court held that the county would be liable for interest on the fees owed to the district attorney because the county had wrongfully withheld the money from him.

■ In the present action the issue of fault depends upon what efforts were made by the Commission to obtain the final payment from the federal government. However, once the funds were received from the federal authorities fault also depends upon what efforts were then made by the Commission to remit the final payment to Corte. If the Commission did not make a reasonable effort in securing the final payment, or after its receipt had unreasonably delayed in paying the amount

rightfully belonging to Corte then it could be said that the Commission wrongfully withheld the funds, and thus was at fault. If, however, the Commission caused no undue delay in the receipt of the final payment from federal authorities and once obtained it "promptly paid its debt," as the Commission asserts, then the Commission may not be liable for interest on the final payment.

However, before the Commission can be free from all liability concerning the payment of interest on the final payment Corte's knowledge of the source of the funding for the project must be explored. If Corte knew the source was the federal government then it also knew that the Commission would first have to receive any and all payments from federal authorities before Corte itself could be paid. If this is the case, it would serve no legitimate purpose to require the Commission to use county funds to pay interest on a delayed final payment from the federal government. Equity and fairness would then require us not to penalize the citizens of McDowell County for the tardiness of the federal government.

 When a contract is entered into between a county commission and a contractor for certain construction work and the contractor knew, or had reason to believe, that funds from the federal government would be used for such work, then the contractor may not recover interest on the amount owed by the county commission if a delay in payment from the federal government occurs, provided that the county commission makes a reasonable effort to ensure that payment of the debt will be made in a timely manner.

Accordingly, for the reasons stated above, this action is remanded to the Circuit Court of McDowell County to more thoroughly develop the facts concerning Corte's knowledge of the source of funding for the remodeling project and the reasonable efforts made by the Commission to secure the final payment from the federal government and once secured the timely manner in which payment was then made to Corte.

Reversed and Remanded with directions.

HARSHBARGER, Justice, concurring:

I would modify Syllabus Point 2 as follows:

2. When a contract is entered into between a county commission and a contractor for certain construction work and the contractor knew, or had reason to believe, that funds from the federal government would be used for such work, and that there might be delays in the receipt thereof not caused by the commission, then the contractor may not recover interest on the amount owed by the county commission if a delay in payment from the federal government occurs, provided that the county commission makes a reasonable effort to ensure that payment of the debt will be made in a timely manner.